**Alex McGAIRK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1-879-A-229.

Court of Appeals of Indiana, First District.

Jan. 16, 1980.

John F. Strain, Richmond, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Defendant-appellant Alex McGairk (McGairk) appeals his conviction by jury of reckless homicide. *See* Ind.Code 35–42–1–5. We affirm.

As properly construed, the record reveals the following sequence of events. In the early evening hours of October 13, 1978, McGairk was engaged in a phone conversation at the Onyx Lodge in Richmond, Indiana. The small patronage included one William Garrett and the victim, Gene Tuttle. McGairk became angry due to protestations about his lengthy use of the phone, and, mistaking Tuttle as the heckler, struck him in the mouth. Tuttle fell to the floor after hitting his head on a table. After the two were separated, McGairk apologized upon learning of his mistake. The only visible injury suffered by Tuttle was a cut lip.

Tuttle left the Onyx Lodge a few hours after the altercation, but was found dead the following day in his residence. At first, the cause of death was deemed natural, since nothing in the home was in disarray. The coroner estimated the time of death at about three o'clock in the morning of October 14, 1978. Subsequently, however, an autopsy was ordered and the following conclusions were drawn. Tuttle received a blow over the left ear which, although not producing a skull fracture, was sufficiently traumatic to cause hemorrhaging in the brain. Respiratory cessation occurred thereafter due to the increased pressure occasioned by the internal bleeding. On October 19, 1978, McGairk was indicted in the following words and figures, to-wit:

| | |
|---|---|
| The State of Indiana ) | |
| ) | |
| vs. ) | INDICTMENT for <u>VOLUNTARY MANSLAUGHTER</u> |
| ) | |
| ALEX McGAIRK ) | <u>I.C. 35–42–1–3 (Class B Felony)</u> |

The Grand Jurors for the County of Wayne, State of Indiana, impaneled charged and sworn in Wayne *Superior Court No. 2* to inquire within and for the body of the same said Court and County of Wayne, upon their oath charge and present that *Alex McGairk* at and in the County of Wayne, State of Indiana, on the *13th* day of *October* A.D., *1978*, did then and there unlawfully, and knowingly and intentionally kill Marcus Eugene Tuttle, a human being, while acting under sudden heat, by striking the said Marcus Eugene Tuttle about the head with his fist, causing the said Marcus Eugene Tuttle to die; all of which is contrary to the form of the statute in such cases made and provided, to wit: Indiana Code 35–42–1–3, and against the peace and dignity of the State of Indiana.

■ Initially, we reject McGairk's contention that his conviction for reckless homicide was not supported by sufficient evidence. If, after considering all the evidence and reasonable inferences to be drawn therefrom in favor of the verdict, there is substantial evidence of probative value on each essential element of the crime charged, we will affirm. *Ballard v. State,* (1979) Ind., 385 N.E.2d 1126. Essentially, McGairk poses some hypothetical causes of the head injury in an attempt to contradict the testimony at trial. Viewing the record as a whole, we feel the jury properly concluded that the fatal blow was causally linked to McGairk, and we could reach a contrary conclusion only on the basis of speculation. In dealing with the question of whether McGairk possessed sufficient intent, this court has recently held that reckless homicide does not require proof of "an intent to accomplish a result which would constitute a crime [,]" and that "[r]ecklessness is shown by a *disregard* for the harm that *might* result." *Rhode v. State,* (1979)

Ind.App., 391 N.E.2d 666, 668–9 (citations omitted; original emphasis). With this in mind, we believe the above recited evidence is sufficient to sustain McGairk's conviction.

McGairk next alleges the trial court erred in instructing the jury on various lesser included offenses. It is apparent, from a review of past cases dealing with what constitutes a lesser included offense, that the determination is generally made on a case-by-case basis. *Roddy v. State,* (1979) Ind. App., 394 N.E.2d 1098. Additionally, the determination of a lesser included offense has changed due to the adoption of the new criminal code in October, 1977. Some of the problems presented by the old code in interpreting the phrase 'necessarily included' have been eliminated, since the new code has omitted that phrase. Concomitantly, cases decided under the old code must be construed in a somewhat different manner when attempting to reconcile them with the language found in the new code. Based on these precepts, we turn to the facts of the present case.

McGairk was indicted for voluntary manslaughter. Following the presentation of the State's evidence, McGairk moved for a judgment on the evidence, which was granted as to the charge of voluntary manslaughter. The motion was denied, however, for the lesser offenses of involuntary manslaughter, a class C felony; reckless homicide a class C felony; battery, a class C felony; criminal recklessness, a class D felony; battery, a class A misdemeanor; and battery, a class B misdemeanor. McGairk was subsequently found guilty of reckless homicide.

■ Under the current statute, an included offense is an offense that:

(1) is established by proof of the same material elements or less than all the

material elements required to establish the commission of the offense charged;

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

West's AIC 35–41–1–2. The legislature, by the definition, has established a two pronged test to determine what constitutes a lesser included offense. First, there must be a determination of the material elements involved. These can be either the same elements or less than those required for the offense charged. The second determination is whether the lesser offense consists of an attempt to commit the offense charged *or* whether the lesser offense differs from that charged only in respect to some less serious harm or risk of harm, or whether a lesser culpability is required for the commission of the lesser offense.

In the charging indictment, the elements associated with McGairk's action were described as (1) a knowing and intentional killing; (2) in sudden heat; (3) by striking . . . with his fist. There is no question that this meets the statutory requirements of IC 35–42–1–3 for voluntary manslaughter. What must be determined, however, is whether the indictment provided sufficient notice to McGairk of other offenses that could be included in the charging indictment.

■ There are two elements of reckless homicide as found in IC 35–42–1–5, those being a reckless action, and the killing of another person. The only real issue, since there is no doubt as to the actual killing, is whether an indictment worded "knowingly and intentionally," is sufficient to inform the defendant that his actions might also be "reckless." In applying the statutory test found in IC 35–41–1–2, it is evident that under the facts of this case, reckless homicide was properly included as a lesser in-

cluded offense. The material elements prong of the test is satisfied since reckless conduct as defined in IC 35–41–2–2(c) is clearly less severe than the knowing or intentional conduct defined previously in that section and contained in the charging indictment. Therefore, proof of reckless homicide would require proof of less than all the material elements of voluntary manslaughter since the burden of showing reckless conduct is not as stringent as that required to show knowing or intentional conduct. The second prong of the included offense test was likewise met, since reckless homicide generally involves an action which constitutes a less serious risk of harm than does voluntary manslaughter. Finally, not only is the conduct of the party distinguishable, but a lesser kind of culpability is required to establish reckless homicide. Therefore, in this case, reckless homicide was properly considered as a lesser included offense of voluntary manslaughter, and there was no error in instructing the jury as to that offense.

As to the other offenses on which the jury was instructed, we decline to deal with them specifically, since McGairk was not convicted of any of these lesser charges, and since the language of the lesser included offense statute would probably yield a similar result as that reached in dealing with reckless homicide.

■ It is of course axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process. *Jackson v. Virginia,* (1979) —— U.S. ——, 99 S.Ct. 2781, 61 L.Ed.2d 560. This concept reflects the basic constitutional premise that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend. *Jackson, supra. See also Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686; *McFarland v. State,* (1979) Ind.App., 384 N.E.2d 1104; *Roddy v. State,* (1979) Ind. App., 394 N.E.2d 1098. Based on the facts presented in the record, and our determination of the scope of the lesser included offense statute, we conclude that the indictment was sufficient to give McGairk ade-

quate notice of both the offense charged and those offenses properly considered as lesser included in the original charge. There was, therefore, no error in the trial court's instructions to the jury on reckless homicide as a lesser included offense of voluntary manslaughter.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.