Roma L. LEWIS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–780A236.

Court of Appeals of Indiana,
Fourth District.

Dec. 30, 1980.

Clifford & Gotshall, William R. Clifford, Anderson, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Defendant Roma Lewis appeals his conviction of Attempted Theft after a trial to the court. Because we reverse we reach only the issue of whether the trial court erred in convicting him of Attempted Theft as a lesser included offense of the Forgery which was charged in the Amended Information.

The evidence most favorable to the judgment reveals that on April 24, 1979 Lewis entered the Hooks Drug Store in Pendleton, Indiana, and presented a prescription purporting to be issued by Dr. Edward Clark to Stanley Bellamy for Preludin, a Class II controlled substance; he also completed a Blue Cross claim form. While the pharmacist was calling Dr. Clark in Indianapolis, defendant took the prescription and left. On May 4, 1979 defendant again came to this drugstore and presented a prescription for ninety 50–milligram tablets of Pyribenzamine purporting to have been issued by Dr. R. D. Lanes, of the Indiana University Medical Center for Janice Jones. Because defendant had been in the store not long ago with a prescription for a different person and because the pharmacist thought the prescription to be too legible for the Medical Center doctors, he was suspicious and had his secretary call the police.[1] In response to the secretary's call, two officers of the Pendleton Police Department, came to the pharmacy and found defendant standing at the druggist counter waiting for a prescription. After asking defendant his name, Officer Hollowell took defendant to the storeroom at the back of the store where he was handcuffed and advised of his *Miranda* rights. Defendant told the officers that he did not write the prescription and that he was getting it for a friend who had dropped him off. After the officers checked the license plate on the car in the parking lot and found that the car was registered to defendant, defendant admitted that he had driven to the store and was trying to get the prescription for himself.

On May 4, 1979, a Criminal Information was filed charging defendant with Forgery[2] a Class C felony with the purported prescription attached. On May 11, 1979 defendant filed a Motion for Reduction of Bond alleging that from the Information, it was clear that he should have been charged with a violation of the Indiana Dangerous Drug Act. (I.C. 16–6–8–3(f)(1)). The court reduced the bond accordingly. Defendant alleged a defect in the Information for Forgery four times prior to trial by different motions; the State's only response was to amend the Information which still read essentially the same as the original Information applying the facts to the elements of Forgery found in I.C. 35–43–5–2.[3] Trial was held on this charge.

At the end of the State's case, the trial court granted defendant's Motion for Direct Verdict in regard to a Class C felony because the State failed to prove the element of intent to defraud. However, it still found that it was possible to be guilty of a lesser included offense. Defendant offered no evidence and the court entered a finding of "... guilty of the crime of Attempted Theft, which the court finds to be a lesser included offense to the crime of Forgery ..."

---

1. The pharmacy records also showed that on April 18, 1979 another Hooks pharmacist had filled a prescription for Talwin purporting to have been written by Dr. H. M. Ross for Norman Sims. This prescription had been presented by someone driving a car with the same license number as that driven by defendant on his May 3, 1979 visit to this pharmacy. Pyribenzamine is used with Talwin to enhance its effect.

2. I.C. 35–43–5–2 provides:
   A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:
   1. By another person;
   2. At another time;
   3. With different provisions, or
   4. By authority of one who did not give authority commits a Forgery, a Class C felony.

3. TIM HOLLOWELL, being first duly sworn upon his oath, says that:
   On or about the 3rd day of May, 1979, in Madison County, State of Indiana, ROMA L. LEWIS, did with intent to defraud to HOOK'S DRUG STORE and DR. R. D. LANES and INDIANA UNIVERSITY HOSPITALS, make and utter a written instrument, to–wit: see attached hereto and made a part hereof this affidavit, in such a manner that said written instrument purported to have been made by DR. R. D. LANES and INDIANA UNIVERSITY HOSPITALS, and that said ROMA L. LEWIS did not have the authority to execute said prescription.
   ALL OF WHICH IS CONTRARY to the form of the statute in such cases made and provided, to–wit: I.C. 35–43–5–2, and against the peace and dignity of the State of Indiana.

Defendant argues that his conviction should be reversed because the trial court erred in convicting him of the crime of Attempted Theft as a lesser included offense. We agree and reverse on this ground.

Under the former forgery statute (I.C. 35–1–124–1), it was clear that forgery had no lesser included offenses. *Ringley v. State*, (1979) Ind.App., 395 N.E.2d 339; *Angel v. State*, (1973) 155 Ind.App. 242, 292 N.E.3d 268. However, the new criminal code has simplified the definitions and clarified the offenses. Therefore, a determination must be made on the basis of the offenses as redefined.

■ First, it is well–established that due process requires that a defendant be given notice of the crime or crimes with which he is charged so that he can prepare his defense. Absent sufficient notice that a particular offense is charged, a defendant cannot be convicted of that crime. Ind.Const. art. 1, § 13; *Blackburn v. State*, (1973) 260 Ind. 5, 11, 291 N.E.2d 686, 690. This concept reflects the basic constitutional premise that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend. *Jackson v. Virginia*, (1979) 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. *Blackburn, supra.*

■ Lewis was charged by Information with Forgery; he was found guilty of Attempted Theft as a lesser included offense. Under the current statute an included offense is defined, at I.C. 35–41–1–2 as an offense that:

(1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

Under this definition, a two pronged test is established. First, there must be a determination of the material elements involved. *McGairk v. State*, (1980) Ind.App., 399 N.E.2d 408. Thus, to be found guilty of an attempt, defendant must have been acting with the specific intent to commit the applicable crime and must have engaged in an overt act which constitutes a substantial step toward commission of the crime. *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507. These can be either the same elements or less than those required for the offense charged. The second determination is whether the lesser offense consists of an attempt to commit the offense charged *or* whether the lesser offense differs from that charged only in respect to some less serious harm or risk of harm, or whether a lesser culpability is required to commit the lesser offense. *McGairk, supra.*

■ In the charging information, the elements associated with Lewis's action were described as (1) having the intent to defraud; (2) making and uttering a written instrument; (3) purporting the instrument to have been made by another; (4) possessing no authority to execute the prescription. These elements would meet the statutory requirement of I.C. 35–43–5–2 of forgery. However, we must determine if this information provided sufficient notice to Lewis that attempted theft could be included in the charging affidavit.

There are two elements of theft as found in I.C. 35–43–4–2, those being (1) knowingly or intentionally exerting unauthorized control over another's property and (2) having the intent to deprive that person of the use or value of the property. Applying the statutory test found in I.C. 35–41–1–2 to the facts of this case, attempted theft was not properly included as a lesser included offense. The material elements part of the test is not satisfied. Theft requires an intent to deprive which was not alleged in the charging affidavit. In addition knowingly or intentionally exerting unauthorized control of another's property could not be found within the allegations of this affidavit. Proof of attempted theft would re-

quire proof of different elements than the elements of forgery. Neither can the second part of the test, satisfaction of part (2) or (3) of the definition, be met with certainty. Attempted theft does not necessarily constitute a less serious risk of harm than does forgery; it constitutes a different harm; a different kind of culpability is required to establish theft and its attempt. Therefore, based on the facts presented in the record, and our determination of the scope of the lesser included offense statute, we conclude that the information was insufficient to give adequate notice of the offense charged and attempted theft as its lesser included offense.

■ When there is even a reasonable doubt as to what offenses are set forth in the affidavit, that doubt must be resolved in favor of the defendant; and where the defendant is convicted of an offense not within the charge, the conviction may not stand for the reason that the defendant is entitled to limit his defense to those matters with which he stands accused. *Belcher v. State*, (1974) 162 Ind.App. 411, 319 N.E.2d 658.

We arrive then at the situation where Lewis was charged and tried on an affidavit which charged forgery but was convicted and sentenced for Attempted Theft. This court has, on numerous occasions, held that a verdict which did not determine the issues joined is contrary to law. *Bruce v. State*, (1952) 230 Ind. 413, 104 N.E.2d 129.

We must therefore reverse.

CHIPMAN, and MILLER, JJ., concur.