Jeff MURPHY, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–479A93.

Court of Appeals of Indiana, Second District.

Dec. 31, 1980.

Jack Quirk, Muncie, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Defendant--Appellant Jeff Murphy (Murphy) was found guilty of attempted burglary after a trial by jury in the Circuit Court of Delaware County. Two issues have been presented for review:

1. whether attempted burglary is an included offense of burglary; and

2. whether the instruction on an included offense was appropriate in light of the evidence presented at trial. We affirm.

## I.

Murphy was charged by information and tried by jury for burglary.[1] Included in the Court's final instructions, over Murphy's timely objection, was the State's tendered instruction on attempt:

"A person attempts to commit a crime when, acting with the culpalibility [sic] required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.

Accordingly, if you find from the evidence in this case that the defendant did not complete the crime charged, but did, with the required intent, engage in conduct constituting a substantial step toward commission of that crime, then you are instructed that you may find the defendant guilty of the included offense of attempted burglary, a Class B felony."

The jury found Murphy guilty of attempted burglary and he was sentenced by the Court to ten years in prison.

Murphy contends the trial court erred in instructing the jury on attempted burglary. In support of this contention he

---

1. I.C. 35–43–2–1 (Burns Code Ed. 1979), provides:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person."

presents several arguments, all of which center on the due process principle that a defendant must be given notice of the crime with which he or she is charged. Ind.Const. art. I, § 13; *Blackburn v. State* (1973) 260 Ind. 5, 11, 291 N.E.2d 686, 690; *see* I.C. 35–3.1–1–2 (Burns Code Ed. 1979) (form of charge). Since it is well settled that a conviction for an included offense which is supported by the evidence presents no constitutional problems, *e. g., Carter v. State* (2d Dist. 1972) 155 Ind.App. 10, 15–16, 291 N.E.2d 109, 112 (and cases cited therein); *see Lawrence v. State* (1978) 268 Ind. 330, 337–38, 375 N.E.2d 208, 212–13, the validity of Murphy's allegation of error turns upon whether an attempt is an included offense of the consummated crime.

█ Under the current statute, I.C. 35–41–1–2 (Burns Code Ed. 1979), an "included offense" is defined as an offense that:

"(i) [sic] Is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) Consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) Differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission." [2]

In *McGairk v. State* (1st Dist. 1980) Ind. App., 399 N.E.2d 408, the Court by way of dictum construed I.C. 35–41–1–2 to establish a two–pronged test to determine what constitutes an included offense:

"*First*, there must be a determination of the material elements involved. These can be either the same elements or less

than those required for the offense charged. The *second* determination is whether the lesser offense consists of an attempt to commit the offense charged *or* whether the lesser offense differs from that charged only in respect to some less serious harm or risk of harm, or whether a lesser culpability is required for the commission of the lesser offense" (emphasis added). *Id.* at 411.

We disagree with that interpretation and conclude that the statute defines an "included offense" as any one of the three subdivisions standing alone. *See Wallace v. State* (1st Dist. 1979) Ind.App., 395 N.E.2d 274, 276; *cf. Hardin v. State* (1980) Ind., 404 N.E.2d 1354, 1357 (citing *Wallace*).[3]

█ The basic principles of statutory construction require a statute to be construed as a whole, considering each section with reference to all other sections. Further, the words of a statute should be accorded their plain and ordinary meaning and due regard should be given to punctuation. *Ernst & Ernst v. Underwriters National Assurance Co.* (1st Dist. 1978) Ind. App., 381 N.E.2d 897, 900; *City of Indianapolis v. Ingram* (2d Dist. 1978) Ind.App., 377 N.E.2d 877, 884; *Indiana Alcoholic Beverage Commission v. State ex rel. Harmon* (1st Dist. 1976) Ind.App., 355 N.E.2d 450, 454.

The definition of an "included offense" contained in I.C. 35–41–1–2 comprises a complete sentence and consists of an introductory phrase and three subdivisions. An "or" follows the penultimate item. The *Drafting Manual for the Indiana General Assembly [Drafting Manual]* (1976), states this to be the preferred structure for Indiana statutes. *Id.* at 603–605. An "or" is used to designate when a series is to be read in the disjunctive. *Id.* at 902, 904.

---

2. Murphy attempts to make a distinction between an "includable offense" and a "lesser included offense." Appellant's Brief at 11. This distinction is without merit. As I.C. 35–41–1–2 makes clear, the sole focus of our inquiry is upon whether an offense is "included" as defined by the statute.

3. Reference to the other subdivisions will be necessary in one instance. The statute provides that an included offense can consist of an "attempt to commit the offense charged *or* [an attempt to commit] an offense *otherwise included* therein." (emphasis added). An offense "otherwise included" is obviously one which complies with either subsection "1" or "3".

The word "disjunctive" is defined as, "Designating a conjunction . . . which denotes an alternative, contrast, or opposition between the ideas it connects." *Websters New International Dictionary of the English Language* (2d Ed. 1943). *See also Sekerez v. Youngstown Sheet & Tube Co.* (3d Dist. 1975) 166 Ind.App. 563, 567, 337 N.E.2d 521, 524. Reference to other definitions set forth in I.C. 35–41–1–2, *(compare* "Governmental entity" and "Law–enforcement officer",[4]) in light of the drafting guidelines contained in the *Drafting Manual* and the use by the legislature of the disjunctive conjunction "or", conclusively establishes that the three subdivisions present alternative definitions for an "included offense".

Turning to the exact issue before us, an attempt has been statutorily designated as an included offense of the offense charged. There was therefore no per se error by the trial court in instructing the jury on attempted burglary.

## II.

The second issue is whether the included offense instruction was appropriate in light of the evidence presented at trial.

An instruction is proper only if there is some evidence of probative value to support it. *Hash v. State* (1972) 258 Ind. 692, 284 N.E.2d 770. An instruction unsupported by evidence encourages a compromise verdict "between jurors who believe the accused guilty of the offense charged and those who believe him not guilty". *Lawrence v. State, supra,* 375 N.E.2d at 213.

As stated by our Supreme Court in *Lawrence,* an instruction upon an included offense is proper if:

" . . . there is 'evidence of probative value from which the jury could properly find the defendant guilty of such lesser included offense.' The trial court is justified in finding the existence of such requisite evidence where upon careful review of the evidence produced to prove the element or elements differentiating the alleged greater and lesser offenses, the trial court concludes that such evidence has substantial probative value and is not in serious dispute." 375 N.E.2d at 213.

To the same effect is *Rodgers v. State* (1979) Ind., 385 N.E.2d 1136. The focus of our examination of the evidence is thus on the element or elements which distinguish the offense charged from the included offense, in order to determine if there is any evidence of probative value that the defendant did not commit the distinguishing element or elements. *Roddy v. State* (3d Dist. 1979) Ind.App., 394 N.E.2d 1098, 1111 n.27.

Viewed in the light most favorable to the jury's verdict, the Record in the present case discloses the following. On the morning of October 20, 1978, Murphy was observed near the mobile home of Barbara Mann, located at 2421 North Wolfe in Muncie. A neighbor testified she saw Murphy unsuccessfully attempt to pry open the door on the west side of the Mann mobile home with a "2 × 4". Murphy then walked away from the area, but returned a short time later and tried to pry the door open with a "grass cycle [sickle]". Again unsuccessful, Murphy walked fully around the mobile home, returning to the west side. Murphy then broke the picture window on that side, walked around to the other (east) side of the trailer, and fled when the police arrived. Apparently on his last trip around, Murphy was observed by another neighbor closing the trailer's front (east) door.

4. " 'Governmental entity' means:
(1) The United States or any state, county, township, city, town, separate municipal corporation, special taxing district, or public school corporation;
(2) Any authority, board, bureau, commission, committee, department, division, hospital, military body, or other instrumentality of any of those entities; or

(3) A state-supported college or state–supported university.

.    .    .    .    .

'Law enforcement officer' means:
(1) A police officer, sheriff, constable, marshal, or prosecuting attorney;
(2) A deputy of any of those persons; or
(3) An investigator for a prosecuting attorney."

Based on these facts, there was adequate evidence of probative value presented at trial for the jury to conclude Murphy took a substantial step toward committing the crime of burglary, but did not complete the crime.[5] The state's evidence shows Murphy prying on one door, breaking a window, and closing the other door, but does not, as a matter of law, show entry. The jury could reasonably conclude entry, essential to the crime of burglary, *see* note 1, *supra*, had been attempted but not achieved. Further, the specific intent required for an attempt can be inferred from Murphy's actions. *See Bonner v. State* (1979) Ind., 392 N.E.2d 1169, 1171; *Davis v. State* (4th Dist. 1980) Ind.App., 398 N.E.2d 704, 707.

We find no error in the trial court's instruction to the jury on attempted burglary as an included offense of burglary and affirm Murphy's conviction.

Judgment affirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.

---

**5.** Our Supreme Court has stated an attempt consists of two elements: "First, the defendant must have been acting with a specific intent to commit the crime, and second, he must have engaged in an overt act which constitutes a substantial step toward the commission of the crime." *Zickefoose v. State* (1979) Ind., 388 N.E.2d 507, 510 (construing I.C. 35–41–5–1).