**Wayne STEVENS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 2–280A41.**

Court of Appeals of Indiana, Fourth District.

July 13, 1981.
Rehearing Denied August 19, 1981.

Robert Graves, Marion, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Appellant-defendant Wayne Stevens appeals a conviction of Battery—Class C felony after a trial by jury. He argues that he should not have been convicted of Battery (by means of a deadly weapon) as a Class C felony because it is not a lesser included offense of Robbery Resulting in Bodily Injury—Class A felony as charged in the information filed against him. We agree.

Stevens was charged by information[1] in the following language:

WAYNE STEVENS late of said Grant County and State of Indiana, ... did then and there, in violation of Burns Indiana Code I.C. 35–42–5–1, did knowingly and intentionally and by using and threatening the use of force on David Hughes, to-wit: striking David Hughes with an axe handle causing bodily injury, take property, to-wit: billfold from the person of David Hughes.

Robbery, as established by the legislature at Ind.Code 35–42–5–1, is as follows:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting the person in fear;

commits Robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person.

Battery, as established by the legislature at Ind.Code 35–42–2–1, is as follows:

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits Battery, a Class B misdemeanor. However, the offense is:

(1) a Class A misdemeanor if it results in bodily injury to any other person ...

. . . . .

(3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon.

The legislature has distinguished the degree of bodily injury resulting from an offense at Ind.Code 35–41–1–2 as follows:

"Bodily injury" means any impairment of physical condition, including physical pain.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a body member or organ.

In this case the jury was instructed, in relevant part, as follows:

. . . . .

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is a Class A misdemeanor if it results in bodily injury to any other person ... and a Class C felony ... if it is committed by means of a deadly weapon.

. . . . .

If the State proved each of these elements of the crime of battery beyond a reasonable doubt, you should find the defendant guilty of battery, a Class B misdemeanor.

If the State did further prove each of the elements of the crime of battery and further proved beyond a reasonable doubt that the battery resulted in bodily injury, you should find the defendant guilty of battery, a Class A misdemeanor.

If the State did prove each of the elements of the crime of battery and did further prove beyond a reasonable doubt that the battery was committed by means of a deadly weapon, you should find the defendant guilty of battery, a Class C felony.

. . . . .

Also, they were instructed in the language of the statute (Ind.Code 35–41–1–2) defining a deadly weapon as follows:

The term "deadly weapon" is defined by law as meaning:

(a) a loaded or unloaded firearm; or

1. This was amended at the end of trial to conform to the evidence that a metal bar was used instead of an axe handle.

(b) a weapon, device, equipment, chemical substance, or other material that in the manner it is used, or could ordinarily be or is intended to be used, is readily capable of causing serious bodily injury.

The jury was instructed on the meaning of bodily injury, but no instruction was given defining serious bodily injury.

 Appellant's argument, that Battery committed by means of a deadly weapon, Class C felony, is not a lesser included offense of Robbery, resulting in bodily injury Class A felony, because use of a deadly weapon was not alleged by the information is well taken. The information charging Stevens with Robbery, Class A felony, alleges only use of force, "to-wit: striking with an axe handle" causing bodily injury. Under the instruction given in this case Battery, Class C felony, requires proof of use of a deadly weapon. By definition Robbery requires threatening or using force. The information alleges the use of force. Use of force may or may not be by means of a deadly weapon. Under proper instructions and sufficient allegations in the charging instrument, an axe handle or metal bar might support the requirements of the definition of a deadly weapon.[2] Giving the words of the information their usual acceptation, the allegation of use of a deadly weapon is not sufficiently made.

> [T]he particular language used in the charging instrument reflects the State's decision to create or avoid the opportunity for the jury to convict the defendant of a lesser offense in lieu of the crime charged. That decision, a power vested exclusively in the State, must be executed by the courts in determining whether a defendant can properly be convicted of a lesser offense.

*Roddy v. State*, (1979) Ind.App., 394 N.E.2d 1098, 1104. As Judge Garrard explained in *Belcher v. State*, (1974) 162 Ind.App. 411, 319 N.E.2d 658, 660:

(a) an affidavit must charge in direct and unmistakable terms the offense with which the defendant is accused; (b) if there is a reasonable doubt as to what offense(s) are set forth in the affidavit, that doubt should be resolved in favor of the defendant; and (c) where the defendant is convicted of an offense not within the charge, the conviction may not stand for the reason the defendant is entitled to limit his defense to those matters with which he stands accused.

*See also, Lewis v. State*, (1980) Ind.App., 413 N.E.2d 1069.

The State argues that the statute defining Robbery Class A contemplates bodily injury inflicted by means of a deadly weapon. We do not believe that is necessarily the case. As is apparent from the statute, the legislature has defined Robbery as a Class C felony. Penalties increase in the nature of felony classification as the harm increases or possibility of harm increases.[3] Robbery when committed by use of a deadly weapon is a Class B felony. If bodily injury or serious bodily injury are a result of the Robbery, regardless of the use of a deadly weapon, the offense is a Class A felony. *Cape v. State*, (1980) Ind., 400 N.E.2d 161, 164. Use of a deadly weapon is a separate element and a defendant must be put on notice that the State is seeking to prove use of a deadly weapon.

 The State has the absolute discretionary power to decide under which statutes a defendant will be charged when the act constitutes commission of more than one offense. In particular cases, the State may by the words employed in the information determine whether an offense is a lesser included of the crime charged. *Roddy v. State, supra.* Here the State chose Robbery Resulting in Bodily Injury, a Class A felony. The State had it chosen to, could have charged defendant with use of a deadly weapon to cause bodily injury.[4]

---

2. *See* n. 4.

3. This is also reflected in the sentencing provisions for aggravating and mitigating circumstances. Ind.Code 35–4.1–4–7.

4. In *Rodriquez v. State*, (1979) Ind.App., 385 N.E.2d 1208, the information alleged the use of a knife and a threat to kill the victim. It was reasonable to construe such language to in-

■ On this information, the most serious lesser offense of which defendant could be convicted is Battery, a Class A misdemeanor. The elements are knowingly or intentionally touching another person in a rude or insolent manner causing bodily injury. However, the jury was instructed only on use of a deadly weapon as an element of Battery, Class C felony.[5] To convict defendant of Battery, a Class C felony, the jury must have found defendant used a deadly weapon. They could not have found existence of bodily injury as an element of Battery, Class C felony because they were not so instructed. Therefore, comparing the elements of the verdict returned by the jury within the allegations of the information and the instructions, the defendant could not be convicted of a greater offense than Battery, a Class B misdemeanor.

■ The remedy when it appears that the defendant has been misled by the evidence introduced at trial or the issues joined under the information have not been determined is to reverse the conviction and remand for a new trial. Where it is evident that defendant has not been misled and the issues joined under the charging information have been determined, modification, rather than reversal is more appropriate. *McFarland v. State*, (1979) Ind.App., 384 N.E.2d 1104, 1109 and cases cited therein. *See also Ritchie v. State*, (1963) 243 Ind. 614, 189 N.E.2d 575 (Court has authority to modify judgment of conviction by reducing to that of a lesser included offense which under the evidence, the accused should have been adjudged guilty.); *Lane v. State*, (1978) Ind.App., 372 N.E.2d 1223 (modification to lesser included because of insufficiency of the evidence on a particular element of crime of which defendant was convicted); Ind.Rules of Procedure, Appellate Rule 15(N). Therefore, we direct that the conviction be modified consistent with this opinion.

■ We now turn to the issue of whether the evidence is sufficient to support a finding of guilty of Battery, a Class B misdemeanor. The elements of Battery, Class B misdemeanor are knowingly or intentionally touching another person in a rude, insolent or angry manner. Ind.Code 35–42–2–1. Stevens does not argue that a battery was not committed. He argues there is insufficient evidence of his aiding or abetting the commission of the battery. Ind.Code 35–41–2–4 states in relevant part:

A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, . . . .

With our standard of appellate review in hand, we must determine if there is substantial evidence that defendant knowingly or intentionally aided, induced or caused another person to commit a battery.

■ Here the record reveals that defendant and three juveniles drove to the victim's house, parking the car down the street. A girlfriend of the defendant was in the house. Defendant exited the car, and walked around the house peering through the windows into the house. He told the three that one male was asleep in the living room and the girlfriend and another male were in the bedroom. The defendant returned to the car and wanted the three juveniles to enter the house and "teach a lesson" to the person with whom defendant's girlfriend was visiting. Defendant told the juveniles that one of the male persons inside the house had been paid recently and should have $250 or more in

---

clude use of a deadly weapon because the allegation included the capability of *serious* bodily injury resulting, i. e. kill. This was not alleged in our case; only bodily injury was alleged. Also as earlier stated in the text, no instruction was given to distinguish serious bodily injury from bodily injury such that the jury could find use of a deadly weapon as defined by I.C. 35–41–1–2 (deadly weapon, part (b)).

**5.** The dissent contends Stevens acquiesced in this instruction and the issue has been waived because Stevens failed to object to the instruction. Because, we find the information did not charge use of a deadly weapon, it would be fundamental error to permit a conviction which includes an element with which defendant was not charged. *Lewis v. State*, (1980) Ind.App., 413 N.E.2d 1069; *McFarland v. State*, (1979) Ind.App., 384 N.E.2d 1184.

his possession. Evidence was presented that defendant had a gun in his possession when he asked them to go in and while they were inside. Before the three entered the house, they took from the car an axe handle and a metal bar. The three then entered the house. One stood over the male sleeping on the couch and another kicked open the bedroom door. As the male in the bedroom approached the door he was struck upon the head with the metal bar. A wallet was taken from this person. After several minutes inside, the three juveniles exited the house and left with defendant in the car. They returned to where defendant was living at the time. Defendant burned the wallet taken in the above described incident.

We are of the opinion the evidence is sufficient to show that defendant knowingly or intentionally aided or caused another person to commit a battery, Class B misdemeanor. Appellant asserts the evidence shows no more than presence at the scene and no affirmative conduct. In *Young v. State*, (1978) Ind.App., 373 N.E.2d 1108, 1111, the court states:

> While mere presence at the scene of the crime is not itself sufficient to allow an inference of participation, such presence may be considered with other evidence in determining guilt. Thus the trier of fact may infer participation from appellant's failure to oppose the crime, companionship with another engaged therein, and a course of conduct before and after the offense. In determining whether there is substantial evidence of probative value to support the verdict, each case must be reviewed on its own facts.

(Citations omitted.) We look for affirmative conduct either in the form of words or acts from which reasonable inferences of a common design or purpose might be drawn. *Rogers v. State*, (1978) 267 Ind. 654, 373 N.E.2d 125, 126.

As well as being present at the house, defendant looked around the house and informed the juveniles as to the whereabouts of the persons inside. Defendant asked the three to go in and "teach them a lesson." They arrived together and left together. After the incident, upon returning to the place where defendant was living, defendant set fire to the wallet taken from the victim.

Appellant argues the juveniles had no intent to rob or commit battery upon anyone and also, no actions by defendant show that he intended for them to cause a battery to be committed. A reasonable inference could be drawn from defendant's encouragement that the occupants of the house be taught a lesson and defendant's failure to oppose the taking of the axe handle and metal bar into the house, he was aware of the probability that a battery might well occur. One who aids or causes a crime to be committed is liable for the acts of the principal, which though not part of their original plan are probable and natural consequences thereof. *Pinkler v. State*, (1977) 266 Ind. 467, 364 N.E.2d 126.

Even though defendant may not have intended for the victim to be hit on the head with a metal pipe, such is a probable and natural consequence of his plan to teach the occupants of the house a lesson. There was sufficient evidence from which the jury could find defendant knowingly and intentionally caused, aided, or encouraged another to commit a battery, to wit, knowingly or intentionally touch another person in a rude, insolent or angry manner.

The conviction of Battery, Class C felony is reversed. We remand for resentencing for the offense of Battery, a Class B misdemeanor and other proceedings consistent with this opinion.

MILLER, J., concurs.

CHIPMAN, J., dissents with opinion.

CHIPMAN, Judge, dissenting.

I dissent.

After reviewing the Information filed against Wayne Stevens as well as the remainder of the record, I believe the majority's modification of Stevens' conviction of battery as a class C felony is erroneous. I

would affirm this conviction because Stevens failed to properly preserve the question of whether the jury had been improperly instructed on the crime of battery by means of a deadly weapon and because even if the merits of this issue had been preserved, unlike the majority, I would find this Information was drawn so as to permit battery by means of a deadly weapon to be a lesser offense within the charged crime.

I would further add that I also disagree with the majority's modification of Stevens' conviction. If it was erroneous to permit Stevens to be convicted of battery by means of a deadly weapon, under the facts of this case, the appropriate remedy should be reversal, not modification of this conviction.

## I. Waiver of Issue

The Information expressly charged Stevens with robbery resulting in bodily injury, a class A felony, as proscribed by Ind.Code 35–42–5–1. The jury was instructed it could find Stevens guilty of robbery (class C felony), robbery while armed with a deadly weapon (class B felony), robbery resulting in bodily injury (class A felony), or the "includible" offense of battery (class B misdemeanor), battery resulting in bodily injury (class A misdemeanor), or battery by means of a deadly weapon (class C felony). Stevens never objected at trial to the giving of these instructions. Instead, appellant effectually acquiesced in the court's determination that battery by means of a deadly weapon was an includible offense. Stevens also never questioned the propriety of giving these instructions in his motion to correct errors. Now on appeal, for the first time, he claims the jury should not have been permitted to convict him of battery by means of a deadly weapon because this was not a lesser offense of the crime charged. In my opinion, this issue has been waived and is, therefore, not properly before us for review. *Buttram v. State*, (1978) Ind., 382 N.E.2d 166; *Loza v. State*, (1975) Ind., 325 N.E.2d 173; Indiana Rules of Procedure, Criminal Rule 8(B).

In *Buttram v. State*, (1978) Ind., 382 N.E.2d 166, the appellant was charged by

indictment with assault and battery with intent to gratify sexual desires; the jury found Buttram guilty of assault. On appeal, Buttram argued the trial court erred in instructing the jury on the crime of assault because this was not a lesser included offense of the crime charged. The Court of Appeals agreed with this argument, but in addressing this argument on petition to transfer, Chief Justice Givan stated:

"We further hold that the Court of Appeals erred in finding that the trial court had improperly instructed the jury on the crime of assault. First, the appellant failed to object at trial to the giving of that instruction. He has therefore waived the issue on appeal. Indiana Rules of Criminal Procedure 8(B); *Thomas v. State*, (1976) 264 Ind. 581, 348 N.E.2d 4. Second, the instruction acted only to the advantage of the appellant since it informed the jury that a lesser verdict could be returned."

*Buttram v. State, supra* at 168–169.

Since Stevens acquiesced in instructing the jury that battery by means of a deadly weapon was an includible offense herein upon which they could convict him, I would hold he has waived this issue.

## II. Includible Offense

Assuming Stevens had not waived the question of whether the jury could return a verdict finding him guilty of battery by means of a deadly weapon, I would, nevertheless, still affirm his conviction since I believe the battery which Stevens was convicted of was embodied in the charging Information.

It is axiomatic that a conviction upon a charge not made or upon a charge not tried would be sheer denial of due process. *Thompson v. City of Louisville*, (1960) 362 U.S. 199, 206, 80 S.Ct. 624, 629, 4 L.Ed.2d 654; *Addis v. State*, (1980) Ind.App., 404 N.E.2d 59. "This concept reflects the basic constitutional premise that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend." *McGairk v. State*, (1980) Ind.App., 399 N.E.2d 408, 411. However, the law

does not require the Information to charge every element of the offense in the exact words of the statute. *Carter v. State,* (1972) Ind.App., 291 N.E.2d 109. Instead, the crime may be stated in words which convey a meaning similar to the express language of the statute. When we review the Information, we will construe the language used therein in light of its common understanding. *Heflin v. State,* (1977) Ind., 370 N.E.2d 895. I would also note that each and every element of a lesser crime need, not be spelled out as though it were the sole offense charged. *Carter v. State, supra.*

The Information charging Stevens provided in pertinent part:

"WAYNE STEVENS late of said Grant County and State of Indiana, ... did then and there, in violation of Burns Indiana Code I.C. 35–42–5–1, did *knowingly and intentionally* and by using and threatening the use of force on David Hughes, to-wit: *striking David Hughes with an axe handle causing bodily injury,* take property, to-wit: billfold from the person of David Hughes.[1] (emphasis added)

The majority concludes that, "Giving the words of the information their usual acceptation, the allegation of use of a deadly weapon is not sufficiently made." I disagree.

Ind.Code 35–41–1–2 which defines a deadly weapon provides:

" 'Deadly weapon' means:

(1) a loaded or unloaded firearm; or

(2) a weapon, *device,* equipment, chemical substance or other material *that in the manner it is used,* or could ordinarily be used, or is intended to be used, is *readily capable of causing serious bodily injury.*" (emphasis added)

In my opinion, when the State charged Stevens with knowingly and intentionally using force on David Hughes by striking him with an axe handle causing bodily injury, this was sufficient to permit Stevens to be found guilty of battery by means of a deadly weapon. To hold otherwise, I believe,

conflicts with an earlier opinion by this court, *Rodriguez v. State,* (1979) Ind.App., 385 N.E.2d 1208, wherein Judge Miller intimated that although it would have been preferable to have charged the appellants with committing the robbery " 'while armed with a deadly weapon, to-wit: a knife,' " the charge of armed robbery was sufficiently set forth in an Information which alleged the defendants:

"... did knowingly and by using and threatening the use of force on KEITH ANTHONY SCHIMMEL, to-wit: putting a knife to him and threatening to kill him, take property, ...."

It was reasonable to infer in *Rodriguez* that the language in the Information, when construed in light of its common understanding, set forth the charge of robbery while armed with a deadly weapon. It is similarly reasonable to find the Information herein set forth the offense of battery by means of a deadly weapon since striking a human being with an axe handle clearly permits an axe handle to come within the purview of the definition of deadly weapon set forth in IC 35–41–1–2.

I acknowledge it would have been preferable for the State in the case at bar to have charged that Stevens struck David Hughes with "a deadly weapon, to-wit: an axe handle" but unlike the majority, I cannot conclude the omission of the term "deadly weapon" precludes convicting Stevens of battery by means of a deadly weapon. While conceptually it is certainly possible to charge robbery resulting in bodily injury without also charging battery by means of a deadly weapon since battery by means of a deadly weapon is not necessarily or inherently a lesser included offense of robbery resulting in bodily injury, the test is whether in this case, the allegations of fact contained in the charging instrument alleged the commission of all the essential elements of the lesser offense as part and parcel of the charged crime. *Roddy v. State,* (1979) Ind.App., 394 N.E.2d 1098; *see Hash v. State,* (1972) Ind., 284 N.E.2d 770. We no

---

1. As the majority opinion points out, this Information was later amended to conform to the

evidence indicating a metal bar was used instead of an axe handle.

longer rely on a simple, mechanical analysis of the statutory provisions when determining whether an offense is an includible offense within the charge; instead the allegations of fact in the charging Information will be examined to determine whether, because of the manner and means allegedly employed in the commission of the charged crime, a "possibly" lesser included offense has been embraced within the charge. *Roddy, supra.* In the case at bar, I find the offense of battery by means of a deadly weapon as set forth in IC 35–42–2–1(3) was embraced within the charge, and since the evidence adduced at trial was sufficient to support a conviction of battery by means of a deadly weapon, I would affirm.

### III. Modification of Conviction

If it was erroneous to permit Stevens to be convicted of battery by means of a deadly weapon, his conviction should be reversed rather than modified to a conviction for simple battery, a class B misdemeanor. Stevens has never argued for such a modification, and such a remedy is improper in the case at bar.

The cases relied upon by the majority wherein an appellant's conviction has been modified on appeal rather than reversed do not support the use of modification in this case. In both *Ritchie v. State,* (1963) Ind., 189 N.E.2d 575 and *Lane v. State,* (1978) Ind.App., 372 N.E.2d 1223, the appellate court found the evidence was insufficient to support the appellants' convictions and, therefore, modified the convictions to a lesser included offense which the evidence did support. This is not what occurred herein. The majority did not modify Stevens' conviction because the evidence was insufficient to support this conviction, but rather, because the majority determined battery by means of a deadly weapon was not a lesser included offense. *Ritchie* and *Lane* do not support such a modification since they only sanction modifying the judgment to conform to the evidence.

In *McFarland v. State,* (1979) Ind.App., 384 N.E.2d 1104, which the majority also relies upon, the court found that although McFarland had only been charged with attempting to commit a felony (to-wit: robbery), he had been convicted of consummated armed robbery. Clearly, his conviction for armed robbery could not be affirmed since this offense was never charged. In ordering McFarland's conviction to be modified to attempted armed robbery, the appellate court merely corrected the verdict to conform with the charge brought against McFarland. Again, this is not what the majority has done herein. The charge against Stevens, as the majority admits, included the offense of battery resulting in bodily injury, a class A misdemeanor, and there was sufficient evidence to support a conviction for this offense since the record shows that as a result of being hit over the head with a metal bar, David Hughes lost consciousness, was taken by ambulance to the hospital, and received twenty-five stitches on his head. In my opinion, when the jury returned a verdict finding Stevens guilty of battery by means of a deadly weapon, they were finding him guilty of the most severe battery upon which they had been instructed, and they were not finding him not guilty of battery resulting in bodily injury. Since battery resulting in bodily injury was embodied within the charge and the evidence would support a conviction for this offense, if it was erroneous to permit Stevens to be convicted of battery by means of a deadly weapon, his conviction should be reversed and a properly instructed jury should be permitted to determine what degree of battery Stevens may have committed.