

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1923-06

**LARRY GLENN HAYNES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

COCHRAN, J., *filed a dissenting opinion.*

## O P I N I O N

I join Presiding Judge Keller's dissenting opinion. I write separately because this case

exemplifies why we should not analyze these "lesser-included" issues as if the parties were

engaged in a legalistic chess or "chicken" game. The Court assumes that the State uses

Machiavellian "overreaching" strategies and consciously decides to "go for broke" when it

fails to request jury instructions on lesser-included offenses. As punishment for a trial

strategy that goes awry, an appellate court that finds the evidence insufficient to prove the

aggravated offense for which the defendant was convicted may not modify the judgment to

show conviction for any lesser-included offense for which the evidence is clearly sufficient unless the State requested a jury instruction on the lesser-included offense. The defendant is simply acquitted. The citizens suffer because the State was not prescient enough to anticipate a successful appellate legal-sufficiency challenge. And the defendant receives an undeserved windfall of total acquittal instead of conviction on an offense for which the jury necessarily found him guilty and for which the evidence is clearly sufficient. This result does not comport with common sense or justice. And this case shows why.

Appellant was charged with the felony offense of assaulting a member of his household, enhanced by a prior conviction for the same domestic violence offense. The evidence at trial showed that Anissa, appellant's on-again-off-again girlfriend of fourteen years, had most recently lived with him from September 2004 until January 2005, when she moved out of her own apartment and back into her mother's home to get away from him. On February 2, 2005, appellant came over to Anissa's mother's home. When Anissa opened the door and stepped outside to talk to appellant, he struck her in the face, "busting" her lip and causing her pain. She ducked back inside the house, slammed the door and locked it. When she heard a loud noise outside, she looked out the window to see that appellant had thrown a brick at her car window and shattered it. Appellant later sent Anissa a letter from jail, explaining that he had "tripped out," promising to get himself together "for real this time," and asking Anissa to "help [him] out this one time" and to tell "them white folks" that he didn't put his hands on her. He closed with, "I'm not mad. I did this to myself. Please get

out this [sic].  I hate I did this.”

The trial judge included the following definitions in her jury charge:

“Household” means a unit composed of persons living together in the same dwelling, whether or not they are related to each other.

“Member of a household” includes a person who previously lived in a household.

No one objected to these definitions which are verbatim recitals of two Family Code statutes.[1]  During its closing argument, the State pointed to this law in the jury charge and noted that, under Texas law, it did not matter that Anissa was not living in the same household as appellant on the very day of the assault.[2]  Appellant did not disagree.  His defensive theory was that Anissa simply made up the story about being assaulted because she was mad that appellant threw a brick through her car windshield.  After all, she had prior felony convictions and that proved she was “a con artist by trade.  She can’t be believed.”

The jury found appellant guilty of the enhanced family-violence offense.[3]  Appellant

---

[1] TEX. FAM. CODE § 71.005 (“‘Household’ means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other.”); TEX. FAM. CODE § 71.006 (“‘Member of a household’ includes a person who previously lived in a household”).

[2] The prosecutor argued:
And the question is whether or not he assaulted a member of his household.  We know they were members of the household.  The law says it doesn’t matter if they were living together on February 2, 2005, or if they had kids together or if they were married.  The law is very clear.  And you know what the law is because it’s in the Charge.  And you are governed by the law in the Charge.  And the law says that if you previously lived together, you are a member of a household.

[3] The jury was not informed that Anissa was the complainant in the prior domestic-violence assault conviction as well as in the current case.

stipulated to two prior felony convictions, and the trial judge sentenced him to twenty-five years' imprisonment–the minimum punishment for an habitual offender.

On appeal, appellant argued that the evidence was legally insufficient to support his conviction for felony assault because the State failed to prove that Anissa was a member of appellant's household at the time of the assault.  The court of appeals agreed with appellant, holding that Section 71.006 of the Family Code, which states that a member of the household includes a person who had previously lived in a household, did not apply to domestic-violence prosecutions because it was not explicitly referred to in the Penal Code assault statute, while Section 71.005 was explicitly mentioned.[4]  The court of appeals reversed  the judgment of conviction and rendered a judgment of acquittal.[5]

There is nothing in the present record that would suggest that the State wanted to "go for broke" by consciously not requesting a lesser-included offense instruction.  From all appearances, the trial judge, the defense counsel, and the prosecutor all believed that the trial

---

[4] *Haynes v. State*, ___ S.W.3d ___, No. 01-05-00803-CR, 2007 Tex. App. LEXIS 1338, at *10-11 (Tex. App.– Houston [1st Dist.] 2007) ("We hold that the 2003 version of Penal Code section 22.01, which expressly refers to Family Code section 71.005, does not authorize the State to use Family Code section 71.006 to define who constitutes a household member for the purposes of committing felony assault.  The State, therefore, must prove as an element of the offense of felony assault on a household member that the defendant and the complainant were living together in the same dwelling when the offense was committed.  The hypothetically correct jury charge in this case would not have included the definition from Family Code section 71.006, and there is no evidence that appellant and complainant lived together in the same dwelling when appellant struck her in the mouth.").

The pertinent Penal Code provision has since been revised, but it still does not mention section 71.006.  *See* TEX. PENAL CODE § 22.01(b)(2) (Vernon Supp. 2007).

[5] The State petitioned this Court to review the correctness of the court of appeals's statutory analysis, but we did not grant that ground for review.

judge's jury instructions and definitions were legally correct. There was certainly no lack of evidence that Anissa *had* been a member of appellant's household as required by Section 71.006, and there was not a scintilla of evidence that Anissa was, on the day of the offense, literally a member of appellant's household. Thus, it strains all credulity to conclude that the State was somehow "overreaching" in failing to request a lesser-included charge on simple assault, or that this failure to include a lesser-included charge somehow affects the sufficiency of the evidence to prove a simple assault.

The majority is correct in stating that a plurality of this Court held, in *Collier v. State*,[6] that if the State fails to request an instruction on a lesser-included offense, the appellate courts will not reform the judgment to reflect conviction for the lesser offense that the evidence does clearly establish as this would "rescue [the State] from a trial strategy that went awry."[7]  In *Collier*, the plurality quoted and relied upon a Wisconsin Supreme Court decision, *State v. Myers*.[8]  But many state and federal jurisdictions[9] have adopted the logical

---

[6] 999 S.W.2d 779 (Tex. Crim. App. 1999).

[7] *Id.* at 781-82.

[8] 461 N.W.2d 777 (Wis. 1990).

[9] *See Rutledge v. United States*, 517 U.S. 292, 306 (1996) ("Federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense.  This Court has noted the use of such a practice with approval."); *State v. Dunn*, 850 P.2d 1201, 1209-10 & n.4 (Utah 1993) ("Numerous state and federal courts have concluded that when a defendant is convicted of an offense but an error occurred at trial, a court has the power to enter judgment for a lesser included offense rather than ordering a retrial if (i) the trier of fact necessarily found facts sufficient to constitute the lesser offense, and (ii) the error did not affect these findings"; listing states and federal jurisdictions that follow this rule); *State v.*

and common sense "direct remand rule" which is "grounded on the fact that guilt of a true

lesser included offense is implicitly found in the jury's verdict of guilt on the greater

---

*Briggs*, 787 A.2d 479, 486-487 (R.I. 2001) (approving sentencing remand where, although jury was not instructed on lesser offense, defendant's trial testimony constituted evidence meeting all elements of lesser-included offense of larceny); *State v. Farrad,* 753 A.2d 648, 659 (N.J. 2000) (reversing case for new trial but noting that "guilty verdict may be molded to convict on a lesser-included offense even if the jury was not instructed on that offense if (1) defendant has been given his day in court, (2) all the elements of the lesser included offense are contained in the more serious offense and (3) defendant's guilt of the lesser included offense is implicit in, and part of, the jury verdict") (internal quotation marks omitted); *People v. Patterson*, 532 P.2d 342 (Colo. 1975) (sentencing remand may be proper even though lesser-included offense was not charged to jury; court reasoned defendant has been given his day in court and his guilt of lesser-included offense is implicit and part of jury's verdict on greater offense); *Shields v. State*, 722 So.2d 584, 585-87 (Miss. 1998) (rejecting the reasoning and rule in *Myers*, noting the large number of states and federal jurisdictions that follow the test set out in *Allison v. United States*, 409 F.2d 445 (D.C. Cir. 1969) and "hold[ing] that the lesser included offense need not be before the jury in order to apply the direct remand rule" of conviction of the lesser-included offense and remand for resentencing when, on appeal, the evidence is found to be insufficient on the greater offense).

After discussing the views of various jurisdictions, the Mississippi Supreme Court stated, "Today, this Court declines to follow the approach taken by Wisconsin, Alabama, and the Ninth Circuit." Instead, it followed the reasoning of the United States Supreme Court and the rule in those jurisdictions–including the Fifth Circuit in *United States v. Hunt*, 129 F.3d 739 (5th 1997)– that permit appellate courts to modify the judgment to reflect conviction of the lesser-included offense if it finds the evidence legally insufficient on the greater offense when "no undue prejudice will result to the accused." *Hunt*, 129 F.3d at 746; *see also United States v. Alvarez*, 451 F.3d 320, 328 (5th Cir. 2006) (following *Hunt* and holding that, while evidence was insufficient to prove "playground" element of drug-distribution offense, appellate court could modify conviction to show conviction of lesser-included drug offense). *Compare State v. Brown,* 602 S.W.2d 392, 398 (S.C. 2004) (collecting cases from states that do and do not permit "direct remand" when jury was not instructed on lesser-included offense, joining those jurisdictions that do not allow "direct remand" unless jury was so instructed). *See generally,* James A. Shellenberger & James A. Strazella, *The Lesser Included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies*, 79 MARQ. L.R. 1, 183-189 (Fall 1995) (noting that appellate courts can avoid potential double-jeopardy problem of retrial on lesser-included offense by "modifying the judgment to an offense that was necessarily included in the offense for which the defendant had first been convicted," but noting that "there may be situations in which the dynamics of a particular trial record suggest that the LIO should be the subject of a retrial, not an automatic modification.").

offense."[10]

The law concerning jury instructions and lesser-included offenses is not a game in which conviction or acquittal of a criminal offense depends upon Machiavellian trial strategy. It should depend upon the facts and the law.  Here, it is not disputed that the evidence is legally sufficient to support appellant's conviction for simple assault, regardless of whether Anissa was or was not a member of his household on the day of that assault.  Nor has appellant made any claim that his due process rights would be prejudiced by entry of a conviction for the lesser-included offense of which the jury necessarily found him guilty.[11] We do a disservice to common sense and Texas citizens by ordering his acquittal of all charges when the evidence is legally sufficient to support a conviction for simple assault, and the jury necessarily found him guilty of simple assault.

Filed:  April 30, 2008

Publish

---

[10] *Shields*, 722 So.2d at 585.

[11] *See Hunt*, 129 F.3d at 746; *see also Stevens v. State*, 422 N.E.2d 1297, 1301 (Ind. Ct. App. 1981) (reviewing record to determine if modification would prejudice defendant; "Where it is evident that defendant has not been mislead and the issues joined under the charging information have been determined, modification, rather than reversal is more appropriate").