ALFRED ROGERS *v.* STATE OF INDIANA.

[No. 177S41.   Filed March 1, 1978.]

*George K. Shields,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Alfred Rogers, was convicted of armed robbery and rape. On these convictions he was sentenced to twenty years' and two years' imprisonment, respectively. On appeal he raises as issues the sufficiency of the

evidence to support these convictions and the constitutionality of the accessory statute.

The record reveals that the defendant, along with three others, went to a Hooks Drug Store and, while armed with a sawed-off shotgun, they robbed the store. One of defendant's companions raped the store clerk during the commission of the robbery.

When reviewing the sufficiency of the evidence, we look only to the evidence most favorable to the verdict and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the jury's verdict, the conviction will be affirmed. *Daniels* v. *State*, (1976) 264 Ind. 490, 346 N.E.2d 566.

The defendant contends that the evidence is insufficient because his participation in these crimes was so slight as to constitute mere presence. It is true that more than mere presence is necessary to sustain a conviction under the accessory statute.

"This court has previously stated that negative acquiescence is not enough to constitute a person guilty of aiding and abetting the commission of a crime. [Citation omitted.] Consequently, this Court has always looked for affirmative conduct either in the form of acts or words from which reasonable inferences of a common design or purpose to effect the commission of a crime might be drawn."

*Pace* v. *State*, (1967) 248 Ind. 146, 148-9, 224 N.E.2d 312, 313. It is sufficient if the evidence shows that the accused aided another in the commission of a felony. Ind. Code § 35-1-29-1 (Burns 1975) ; *Goodlow* v. *State*, (1973) 260 Ind. 552, 297 N.E.2d 803, *Rutledge* v. *State*, (1975) 164 Ind. App. 468, 329 N.E.2d 603.

Here, the record reveals that the defendant went voluntarily with three companions, Jeff Stewart, Charles Murphy and Kevin Murphy, to the drug store. They were in need of money and spoke of committing some robberies. The defendant agreed to go along and persuaded Stewart to go with them.

At the drug store, Stewart remained in the car, while the defendant and the Murphy brothers went inside. Once inside, the defendant purchased gum from the female cashier, while the Murphys looked at canes. When approached by Mr. Shublak, the Murphys revealed a sawed-off shot gun and ordered both Shublak and the cashier into the pharmacy area. Charles Murphy was holding the gun at this time while the defendant tried to open the cash register. Once he opened the register, the defendant removed money from it. Murphy then took the female cashier into a corner of the store and ordered her to remove her clothes. Murphy handed the gun to the defendant, who held it on Shublak. Murphy then raped the woman. The defendant took watches and clocks from a glass case and the money from Shublak's wallet. After another of the intruders took the gun from him, the defendant went up to the cashier and touched her breasts. Soon thereafter they left the drug store. Later, when the stolen goods were divided, the defendant shared in the proceeds.

The defendant's conduct constitutes much more than mere presence. As to the robbery, he took money from the cash register, took watches and clocks, took money from Shublak and shared in the proceeds. As to the rape, he held the gun on Shublak while it occurred. This is affirmative conduct sufficient to support the verdicts on armed robbery and rape under the accessory statute.

As to the armed robbery, the defendant attacks the sufficiency of the evidence as to his intent to rob. A general criminal intent or *mens rea* is a part of all *malum in se* crimes. *Byassee* v. *State*, (1968) 251 Ind. 114, 239 N.E.2d 586. This general intent may be inferred from the voluntary commission of the prohibited act and from the surrounding circumstances. *Scott* v. *State*, (1968) 250 Ind. 532, 234 N.E.2d 474. The evidence recited above is more than adequate to establish that the defendant possessed the requisite criminal intent.

As to his rape conviction, the defendant contends that there was insufficient evidence to support the verdict, in that there was no evidence that Murphy, the principal, was not married to the rape victim; there being no proof of a crime, the defendant could not be found guilty as an accessory.

The rape statute in effect at the time of this crime specifically excepts the husband in the definition of rape of an idiotic or feeble-minded woman. No such exception ██ is specified by the statute in defining the rape of a woman forcibly against her will, or in defining rape of a child under sixteen. Ind. Code § 35-13-4-3 (Burns 1975).[1] The defendant cites no Indiana cases and we find none in which it is stated that the prosecution is required to prove as an essential element of the offense of rape that the defendant is not the husband of the victim. A case interpreting a very similar statute[2] stated:

> "In the definition of the offense as applicable to women who are insane, or who are idiotic or otherwise imbecile, the statute of this state expressly excepts the husband of such a woman from its operation; but as to other women against whom the offense may be committed it makes no such express exception with regard to the husband. The statute, however, cannot apply to the husband of the injured party in any case.
>
> \* \* \*
>
> *"It may be shown as a defense that the woman against whom the offense is alleged to have been committed is the wife of the person who is charged* with committing the rape, but it is not necessary to negative this fact in the indictment."

*Sharp* v. *State*, (1919) 188 Ind. 276, 277-8, 123 N.E. 161 [emphasis supplied]. The new penal code specifically excepts the married from its operation.[3] None of these authorities makes non-marriage an essential element of the offense. As

---

1. "Rape. Whoever has carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen [16] years; or whoever being over eighteen [18] years of age, has carnal knowledge of a woman, other than his wife, who is insane, idiotic or feeble-minded, he knowing of such condition, is guilty of rape . . . ."
2. Burns Annot. Stat. § 2250 (1914).
3. "This section does not apply to sexual intercourse between spouses

to a defense, a defendant is generally required to put the defense in issue by some means himself, as, for example, by introducing evidence or by specially pleading. *McGowan* v. *State,* (1977) 267 Ind. 16, 366 N.E.2d 1164 [proof of age or sex]; *Young* v. *State,* (1972) 258 Ind. 246, 280 N.E.2d 595 [pleading insanity]; Ind. Code § 35-5-1-1 (Burns 1975) [notice of alibi]; *Hardin* v. *State,* (1976) 265 Ind. 635, 358 N.E.2d 134 [entrapment].

There was no evidence introduced which put into issue the defense that Murphy was the victim's husband; therefore, there was sufficient evidence to support the verdict.

The last issue raised by the defendant is whether the accessory statute, Ind. Code § 35-1-29-1 (Burns 1975), is unconstitutional. He claims that the statute fails to adequately appraise the accused of the crime for which he is to be charged. He cites, in support, *Lanzetta* v. *New Jersey,* (1939) 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888, in which the U.S. Supreme Court invalidated a state statute which made it an offense to be a "gangster." The Court held that statute to be unconstitutionally vague. The accessory statute authorizes the conviction of one who shall "aid or abet . . . counsel, encourage, hire, command, or otherwise procure a felony to be committed . . . ." These words are not vague or indefinite in the way that "gangster" is. The words used in our statute are sufficiently definite to inform those subject to it of what conduct is proscribed. The statute is therefore constitutional.

For all the foregoing reasons, there was no trial error and the judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 373 N.E.2d 125.

unless a petition for dissolution of the marriage is pending and the spouses are living apart." Ind. Code § 35-42-4-1(b) (Burns Supp. 1977).
   "It is a defense that the child is or ever has been married." Ind. Code § 35-42-4-3(f) (Burns Supp. 1977).