**Eddie CURRY, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 982S339.**

Supreme Court of Indiana.

Sept. 29, 1983.

Ralph Ogden, J. William DuMond, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, after a trial by jury, of two counts of Theft, Ind.Code § 35–43–4–2(a) (Burns Supp. 1982), and of being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns Supp.1982), and was sentenced to two (2) years imprisonment upon each count, said sentences to be served consecutively and augmented by an additional thirty years by reason of the habitual offender finding, for a total sentence of thirty-four (34) years. This direct appeal presents the following issues:

1. Whether the evidence was sufficient to sustain the Theft convictions.

2. Whether the trial court erred in refusing Defendant's tendered instruction upon the defense of Mistake of Fact.

3. Whether the trial court erred in ordering the sentences upon the Theft convictions to run consecutively.

\* \* \* \* \* \*

ISSUE I

■ Defendant's challenge to the sufficiency of the evidence is predicated upon redetermining the credibility of witness L.V. Johnson.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (citations omitted).

Defendant was convicted upon the testimony of his accomplice, Johnson, who testified that he and the Defendant stole scrap materials from Johnson's place of employment and sold it to a scrap dealer. Johnson further testified that the two of them broke up the scrap to make it less likely to arouse suspicion, and that they divided the proceeds of the sale.

Defendant asks us to discount Johnson's testimony because it came from one who had plea bargained with the prosecution and received a second chance, with a pay raise, from his employer.

Defendant has presented nothing which compels the conclusion that Johnson's testimony was inherently incredible. The circumstances and possible inconsistencies argued were all properly subjected to consideration and resolution by the jury. *Forrester v. State,* (1982) Ind., 440 N.E.2d 475, 485; *Cox v. State,* (1981) Ind., 419 N.E.2d 1279, 1285. *Bentley v. State,* (1981) Ind., 414 N.E.2d 573, 574.

Neither does the evidence compel the conclusion that the Defendant had acted inno-

cently upon Johnson's misrepresentation that he had authority to take the scrap.

Defendant does not deny that on two separate occasions he accompanied Johnson to Johnson's place of work, a foundry, where Johnson was employed as the foreman. On both occasions, the two, using Johnson's key to gain entry, took scrap materials from the foundry and sold them to a scrap dealer, who paid Defendant with two checks. Thereafter, they split the proceeds. Johnson testified that he had acted upon Defendant's suggestion and that the two had previously discussed the possibility of doing this. Additionally, both men broke up the scrap metal prior to the sale, so as to make it less likely to arouse suspicion.

### ISSUE II

■ Defendant next assigns error to the trial court's refusal of his tendered instruction upon the defense of Mistake of Fact, Ind.Code § 35-41-3-7 (Burns 1979):

"The defense of mistake of fact is defined by law as follows:

"It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of reasonably mistaken about a matter (sic) of fact, if the mistake negates the culpability required for the commission of the offense.

"If you find the defendant was reasonably mistaken about a fact and the mistake prevented the defendant from knowing that the offense with which he is charged was being committed, you should find the defendant not guilty.

"Similarly if you should find the defendant was reasonably mistaken about a fact and that the mistake prevented the defendant from forming the intent to commit the offense with which he is charged you should find the defendant not guilty." R. at 88.

At trial, Defendant presented no evidence other than two statements that witness Johnson had given to the police, which were introduced during cross-examination of Johnson, neither of which inferred that he had represented to Defendant that he was authorized to take the scrap material.

"As to a defense, a defendant is generally required to put the defense in issue by some means himself, as, for example, by introducing evidence or by specially pleading." *Rogers v. State,* (1978) 267 Ind. 654, 658–59, 373 N.E.2d 125, 127 (citations omitted).

This burden was not met in this case. The defense was never pleaded, and Defendant introduced no evidence upon it.

Defendant argues that there was evidence to support the giving of this instruction, in that the jury could discredit part of Johnson's testimony and thus conclude that Defendant did the acts charged without any intent to exert unauthorized control over the foundry's metal. This hypothesis, however, requires extreme speculation, inasmuch as Johnson's testimony, while possibly subjected to impeachment, was unrefuted.

Moreover, Defendant seemingly assumes that without Johnson's testimony, the evidence would, nevertheless, have sustained the convictions for Theft. It would not. Johnson's testimony provided the only evidence that Defendant acted "knowingly," Ind.Code § 35-41-2-2(b) (Burns 1979) as charged in the information; that is that he was aware of a high probability that he was exerting unauthorized control over the metal, with the intent to deprive the foundry of the value or use thereof. Thus, if the jury disbelieved Johnson, it would have been bound, under the evidence and the instructions given, to have acquitted Defendant. Defendant virtually concedes this point in his Reply Brief at 6:

"*The State's case turns on the credibility of L.V. Johnson.* If his testimony about the defendant's guilt is disbelieved, the record shows only that someone at (the foundry) told some men to remove some scrap; that apparently the wrong scrap had been removed by mistake; and that Eddie Curry dealt openly with a junk dealer he had known for many years, told the dealer where he got the scrap, why he was selling it, and took payment by check and asked for receipts, (and was there-

fore, guilty of no offense at all)." (emphasis added).

We find no error in the trial court's refusal of this instruction in this case.

### ISSUE III

■ Lastly, Defendant contends that the trial court abused its discretion in ordering his sentences upon the Theft convictions to run consecutively. To support this claim, he cites the sentiments expressed by the judge that a potential penalty of thirty-eight (38) years was too long, in view of Defendant's age, and that a total of eight (8) years was more appropriate. Defendant cites no authority for his novel proposition. Upon ordering consecutive sentences, the trial court specifically referred to the paragraph of the presentence investigation report which contained Defendant's criminal record. A history of criminal activity, here prior convictions, is a valid basis for imposing consecutive sentences. *Sage v. State,* (1981) Ind., 419 N.E.2d 1286, 1288.

■ Defendant also makes a vague claim about the unreasonableness of the habitual offender penalty, apparently because the trial court expressed regret at not being able to invoke Ind.Code § 35–50–2–8(e) so as to reduce the penalty. Defendant has not shown how the trial court abused its discretion in this regard. The court merely noted that in spite of its personal preferences in this case, it could not reduce the habitual offender penalty.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.