Robert Lee BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S471.

Supreme Court of Indiana.

Sept. 30, 1986.

Anne B. Coffman, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction of Robbery and Confinement, both Class B felonies. Appellant was also found to be an habitual offender. The court imposed ten (10) year sentences on both counts, with the first count enhanced by thirty (30) years due to appellant's habitual offender status. The sentences were ordered served consecutively for a total of fifty (50) years imprisonment.

The facts are: On the evening of January 11, 1984, appellant entered the Convenient Food Mart located at 1800 East 10th Street in Jeffersonville, Indiana. Armed with a knife, he approached an employee, Sherry Justice, and announced "I am going to rob you." Appellant compelled Justice to open and empty the cash register. After cutting the telephone cord, he took her to the office in the rear of the store and told her not to "come out here in the next few

minutes or I'll come back and hurt you." Appellant then left the store.

Justice called the police from the office telephone and freed herself by unlocking the door from the inside. Officer Richard Ashabranner of the Jeffersonville Police Department was enroute to the crime scene when he noticed a car approaching from the direction of the store. He saw that a black male was driving the vehicle and, as the car passed, noticed that a second black male was lying on the backseat and peering out the rear window. Ashabranner also noticed a broken rear tail light lens on the car. He immediately broadcast a description of the vehicle.

Officers Maynard Marsh and Charles Elder, also of the Jeffersonville Police Department, heard the broadcast and spotted a vehicle which fit that description approaching from the opposite direction. When Marsh turned on his flashing lights and made a u-turn, the driver of the car accelerated and drove away at a high rate of speed. The ensuing chase resulted in the apprehension of appellant and the driver of the vehicle. Both suspects were transported to police headquarters where Justice positively identified appellant as the perpetrator of the robbery.

Appellant contends the trial court erred in denying his motion for discharge.

■ On January 16, 1984, an information was filed charging appellant with the instant offenses. One week later the initial hearing was held. Appellant was released on bond on February 4, and two days later he was rearrested by Kentucky authorities. He was incarcerated in Kentucky from February 9, 1984, to February 15, 1985, when he was returned to Indiana. Prior to the commencement of trial on June 11, 1985, appellant filed a motion for discharge pursuant to Ind.R.Cr.P. 4(C), which motion was denied.

The Interstate Agreement on Detainers (IAD), Ind.Code § 35–33–10–4, rather than Ind.R.Cr.P. 4, governs the speedy trial rights of a defendant incarcerated in another jurisdiction. *Heflin v. State* (1981), 275 Ind. 197, 416 N.E.2d 121. Appellant did not comply with the notice requirements of the IAD. As provided in art. 3, the 180 day time limitation begins to run when a defendant's request for final disposition has been delivered to the prosecuting attorney and the court having jurisdiction. *Scrivener v. State* (1982), Ind., 441 N.E.2d 954.

Because appellant's position on this issue, both before the trial court and on appeal, is premised solely on Ind.R.Cr.P. 4(C), this Court will not review any allegation of error in regard to the trial court's denial of the motion for discharge. *Heflin, supra; Hudak v. State* (1983), Ind.App., 446 N.E.2d 615.

Appellant claims the trial court erred in denying his motion to suppress identification evidence, which he contends was produced by impermissibly suggestive police procedures.

■ After appellant and his accomplice were apprehended, they were transported to police headquarters. When Justice arrived shortly thereafter, she was taken to a lineup stage where she viewed appellant and his accomplice, who were escorted onto the stage by uniformed officers. At that time Justice positively identified appellant. Appellant concedes that the procedure was not a lineup, but nonetheless argues that it was unduly suggestive.

We cannot agree. "Confrontations between eyewitnesses and suspects immediately after the commission of a crime are permitted for the reason that it is valuable to have witnesses view a suspect while the image of the offender is fresh in their minds." *Whitlock v. State* (1981), Ind., 426 N.E.2d 1292, 1293. Whether any particular one-on-one confrontation is unduly suggestive is dependent upon the circumstances. *Id.*

The robbery was reported at 10:08 p.m. At 10:45 p.m. Justice viewed appellant and his accomplice. Under the circumstances, we find that the confrontation was not unduly suggestive. We would note that even had appellant been denied due process of law due to an impermissible identifica-

tion procedure, such error would not have dictated a reversal because appellant failed to object when Justice made her in-court identification. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102. The trial court did not err in denying the motion to suppress.

■ Appellant contends that in the habitual offender phase the trial court erroneously admitted State's Exhibits Nos. 1, 2 and 3 and erroneously refused his Tendered Instruction No. 3.

The exhibits were court records introduced to show three prior felony convictions, all in Kentucky and all resulting from pleas of guilty. The tendered instruction consisted of a verbatim recitation of the Indiana guilty plea statute, Ind.Code § 35-35-1-2, and the concluding statement "[y]ou may not presume that Robert Lee Brown was aware of this information from a silent record." The crux of appellant's argument is that the exhibits did not tend to prove that appellant was advised of his rights in accordance with the Indiana guilty plea statute.

Appellant's contention is without merit. Even assuming *arguendo* the Indiana statute was applicable to the guilty plea hearings in the Kentucky courts, a collateral attack on the prior felony convictions was not available to appellant in the habitual offender proceeding. *Olinger v. State* (1986), Ind., 494 N.E.2d 310; *Jones v. State* (1981), Ind., 425 N.E.2d 82. The proper procedure for appellant to challenge the constitutionality of the prior convictions on the basis that he did not knowingly and intelligently waive his rights upon the entry of his guilty pleas would be to seek post-conviction relief in the court of conviction. *Edwards v. State* (1985), Ind., 479 N.E.2d 541. Accordingly, we find no error in the admission of the exhibits or in the refusal of the tendered instruction.

■ Appellant contends the trial court erred in denying his oral motion to suppress evidence of his flight. He claims such evidence was the result of unlawful conduct by the police.

The details of the attempted stop and resulting high-speed chase have been set out above. After Officer Marsh testified that he made the u-turn, appellant orally moved to suppress any evidence of the subsequent pursuit and flight. The motion was denied. Officer Marsh then described the pursuit, flight and apprehension of appellant.

An investigatory stop may be made if the police officer has a reasonable suspicion grounded in specific facts that further investigation is necessary. *Baker v. State* (1985), Ind., 485 N.E.2d 122. Upon hearing the description given over the radio by Officer Ashabranner, Officer Marsh was justified in attempting to stop a vehicle which fit that description. *Id.; Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738.

■ Appellant contends the trial court erroneously permitted questioning which elicited testimony of prior unrelated criminal activity.

The controverted testimony was presented during direct examination of Detective Fleeman. Fleeman was asked when, after the date of the alleged crimes, he next saw appellant. He answered that he next had contact with appellant on February 15, 1985. When the State then asked the circumstances of that contact, defense counsel objected on the ground that continued testimony would allow evidence of other criminal activity to be placed before the jury.

The court treated appellant's accompanying motion for a mistrial as an oral motion to suppress. Preliminary questioning outside the presence of the jury revealed that Fleeman would be referring to the date when he and another police officer brought appellant from Kentucky to stand trial, during which time appellant made a potentially incriminating statement. The State offered to introduce such testimony with no questioning as to why appellant had been in Kentucky or concerning any unrelated criminal activity. The court allowed the questioning to continue upon those conditions.

Detective Fleeman then testified as follows:

"Q 9 Detective Fleeman when we broke I believe you testified that the next time after January 11th, 1984, that you saw the defendant, Robert Lee Brown, was on February 15th, 1985?

A Yes sir.

Q 10 At that time in your presence did any conversations take place between you and the Defendant?

A Yes sir.

\* \* \* \* \* \*

Q 11 And what was said?

A Mr. Brown, the Defendant, stated to me, 'Man there is no way they can get me on this, ain't nobody goin to identify me as doing this robbery, ain't nobody goin to remember what I looked like after a whole year.'"

We are at a loss to discern any evidence of unrelated criminal activity elicited during the questioning of Detective Fleeman. Appellant's assertion that his mere presence with Fleeman and the accompanying officer would infer criminal activity to the jury is at best highly speculative. The trial court did not err in allowing the testimony.

 Appellant contends there was insufficient evidence to sustain the verdict of the jury on the charge of criminal confinement. He argues that although he forced Justice into the office, locked the door and instructed her not to come out under threat of physical harm, she was not impeded from leaving as she was able to unlock the door from the inside and therefore he did not substantially interfere with her liberty.

On appellate review of the sufficiency of the evidence, this Court will neither reweigh the evidence nor judge the credibility of the witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Under Ind.Code § 35–42–3–3, a person who knowingly or intentionally confines another person without his or her consent or removes another person by force or threat of force from one place to another commits

the offense of criminal confinement. The evidence previously recited is clearly sufficient to sustain appellant's conviction for confinement. *Brim v. State* (1984), Ind., 471 N.E.2d 676; *Spivey v. State* (1982), Ind., 436 N.E.2d 61. That Justice readily freed herself does not negate the fact that the jury could find beyond a reasonable doubt that a non-consensual confinement took place. *Spivey, supra.*

 Appellant's final contention is that the court imposed consecutive sentences without finding any aggravating circumstances.

Ind.Code § 35–50–1–2(a) gives the trial court wide discretion in determining whether the sentences on multiple convictions are to run concurrently or consecutively. *Taylor v. State* (1982), Ind., 442 N.E.2d 1087. When a court imposes consecutive terms of imprisonment, the record should disclose articulated facts that support a finding of the presence of at least one of the aggravating circumstances delineated in Ind. Code § 35–38–1–7(b). *Id.*

The record belies appellant's contention. The court specifically stated at the sentencing hearing that "in view of your extensive criminal activities the Court now orders that the sentences be served consecutively." The court indicated that it had read and considered the presentence report, which recites appellant's prior criminal history. A history of criminal activity is specifically contemplated as an aggravating circumstance by Ind.Code § 35–38–1–7(b)(2) and is a valid basis for the imposition of consecutive sentences. *Curry v. State* (1983), Ind., 453 N.E.2d 1006. We find no abuse of the trial court's discretion in sentencing appellant.

The trial court is in all things affirmed.

PIVARNIK and SHEPARD, JJ., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinion.