**Frederick E. MELLOTT, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 885S312.

Supreme Court of Indiana.

Nov. 20, 1986.

Frederick J. Hartz, LaGrange, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant seeks rehearing based on Issue II of our opinion, concerning the trial court's alleged refusal to give a final instruction on self-defense on the grounds that such instruction had already been given in preliminary instructions. *See Mellott v. State* (1986), Ind., 496 N.E.2d 396 (Shepard and Dickson, JJ., dissenting). It is Appellant's contention in this petition that this Court at least implied that it was not necessary to reiterate a preliminary instruction in the final instructions, particularly when that instruction is in regard to one of the key issues in the case. Because we agree our opinion fails to clearly resolve this issue, we grant rehearing solely for purposes of clarification. We continue to affirm the trial court.

It is not argued or denied by any of the parties that the trial court did give a proper self-defense instruction as its Preliminary Instruction No. 8. It is also true that the

refused instruction of which Appellant complains was identical to preliminary instruction No. 8. This was a very short trial, in which preliminary instructions and most of the other trial procedures were completed in one day, with final matters and the final instructions given the next morning. The record does not clearly disclose whether or not the trial court did re-read the preliminary instructions along with the final instructions given to the jury the next morning. In the record, the trial court indicated to counsel he was going to re-read the preliminary instructions. Appellant claimed in his brief the trial court did not do so. In the State's answer brief, the State merely commented that it expressly adopted Appellant's statement of the case. Further discussion of the parties in their briefs left some conflict as to whether or not the trial court did in fact include the preliminary instructions in the final instructions given to the jury.

 Appellant has pointed us to nothing in the record indicating that the trial court did not do so. As we stated above, there is indication in the record that the trial court did resubmit the preliminary instructions, by his expression to counsel at the point of giving instructions that he intended to do so. Thus, we determine Appellant had failed to demonstrate that the preliminary instruction was not in fact resubmitted to the jury as part of the final instructions. There are no grounds given to find the contrary other than Appellant's statement that they were not so resubmitted and the equivocal statement of the State that they generally accepted Appellant's statement of the case. These facts, together with the fact that Petitioner had waived the issue pursuant to Ind.R.App.P. 8.3(A)(7), when he failed to set out in his brief the instruction complained of and the verbatim objections thereto, led us to find there was no reversible error presented on the issue.

It was not our intention to hold that an issue is sufficiently covered by the giving of a preliminary instruction on the subject. Where an issue is pertinent in a cause and is given to the jury in a preliminary instruction, it is important that this instruction be re-read to the jury as a part of the final instructions. The importance of this can be realized when one considers the different perspective a jury has as to the application of an instruction after the entire case has been presented to it. This is particularly true of a lengthy and complex trial. Nothing in this opinion convinces us that the trial court committed reversible error, and we accordingly continue to affirm the trial court.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.