Michael A. BEASLEY, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 985S363.

Supreme Court of Indiana.

May 12, 1987.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Public Defender, Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Michael Beasley, was convicted at the conclusion of a bench trial in the Allen Circuit Court of the crime of rape. The trial court sentenced Appellant to forty (40) years imprisonment. In this direct appeal, Appellant raises two issues for our consideration:

1. whether the evidence is sufficient to sustain Appellant's conviction, and,

2. whether the trial court abused its sentencing discretion by sentencing Appellant to forty years for rape.

The facts supporting the trial court's finding Appellant guilty are as follows. In the early morning hours of July 1, 1983, the victim, K.R., was awakened by a noise outside her house. She went to her front door and observed a man trying to pry the door open. K.R. ran to the kitchen, grabbed a knife, and returned to the front door. She started pounding on the door and screaming. When she thought the man had left, she opened the door and tried to flee her house for help. The man was hiding outside, and hit K.R. as she came out of the house. The blow knocked K.R. back into the house and the man followed her inside.

Once inside, the intruder knocked K.R. to the ground, ripped open her pajama top, and held a knife to her throat. He then took K.R. to a bedroom where he forced her to perform oral sex on him. During this, K.R.'s eight month old daughter began to cry. The intruder let K.R. go to get the child. He then brought K.R. back to the bedroom where he forced her to have sexual intercourse with him. K.R. was holding her daughter in her arms while this was happening, and the intruder was holding a knife.

After the intruder left, K.R. sought help from the police. A subsequent medical exam revealed a bruise over K.R.'s eye, scratches on her chest, and bruises over her breasts. A vaginal swab analysis showed the presence of spermatozoa.

Five days after the attack, K.R. saw Appellant outside her house. She recognized him as the man who raped her. The police were called and they apprehended Appellant. K.R. made a positive identification shortly after the arrest. Appellant was read his *Miranda* rights, and signed a waiver. Appellant gave the police several different stories at first, but finally gave a confession that corroborated K.R.'s account of the rape.

I

First, Appellant claims the evidence supporting his conviction is insufficient. When sufficiency of the evidence supporting a conviction is raised on appeal, we look only to the evidence most favorable to the State, and all reasonable inferences to be drawn therefrom. If each element of the crime is supported by the evidence, the verdict will not be disturbed. Further, in reviewing the evidence, we will not weigh conflicting evidence, nor will we judge the credibility of the witnesses. *McCann v.*

*State* (1984), Ind., 466 N.E.2d 421, 422; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Appellant asserts the State failed to prove he was not married to the victim. He claims this is a material element of the crime of rape. We disagree. We have held that the issue of whether or not the accused is married to the victim is not a material element of the crime of rape. *Rogers v. State* (1978), 267 Ind. 654, 658, 373 N.E.2d 125, 127. The issue of marriage may be raised as a defense if such is in the facts but it is not necessary for the State to negate this. *Rogers* at 658–59, 373 N.E.2d at 127; *Sharp v. State* (1919), 188 Ind. 276, 278, 123 N.E. 161, 163. Here, there was absolutely no evidence that Appellant was married to the victim. Further, the victim was asked if she was married and she answered she was not. Appellant then objected to the question on relevancy grounds, and his objection was sustained. Appellant cannot now claim the State failed to prove he was not married to the victim.

Appellant's next contention is that the victim's identification testimony was full of inconsistencies. Our review of the record indicated the victim was able to explain why there were inconsistencies in the statements she gave to police after the rape, compared to her testimony during direct examination. The trial judge was satisfied with the victim's explanation, and we will not reweigh the evidence. Further, Appellant confessed to committing this crime. We find there was sufficient evidence to support Appellant's conviction.

## II

Next, Appellant argues the trial court abused its discretion by sentencing him to forty years for this crime. Rape, as a class A felony, carries a presumptive sentence of thirty years. Ind.Code § 35–50–2–4 (Burns 1985). The trial court added ten years to Appellant's sentence due to aggravating circumstances. The court listed as aggravating circumstances the fact that this rape occurred at night, after Appellant forced his way into the victim's house, and while the victim held her daughter in her arms. The court did not list any mitigating circumstances. Appellant claims the trial court did not consider his youth, and the fact that he had no previous criminal activity. Further, Appellant claims the aggravating circumstances the court used to increase his sentence were not authorized by Ind.Code § 35–38–1–7 (Burns 1985).

Appellant received a sentence which was within the range allowed by our statutes. Ind.Code § 35–50–2–4 (Burns 1985). We will not revise a sentence authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the crime and the character of the offender. *Mellott v. State* (1986), Ind., 496 N.E.2d 396, 398, *reh. granted* on other grounds, 500 N.E.2d 173 (1986). A sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate for the particular crime, and the offender. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev.Sen. 2. The court found no mitigating factors. This is within the trial court's discretion. *Mellott* at 398. The aggravating factors the court found were proper. Ind.Code § 35–38–1–7(d) allows the trial court to consider criteria other than those listed in subsections (b) and (c) of the statute. The evidence revealed the victim was bruised in many areas of her body. Also, she was raped while holding her eight month-old daughter in her arms while Appellant held a knife in his hand. We find that Appellant's sentence was not a manifest abuse of the trial court's discretion given the nature of this crime and the manner in which it was carried out.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, J., concur.

DeBRULER, J., concurs and dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, concurring and dissenting.

I.C. 35–38–1–7 provides that the fact that a convicted criminal defendant "... has no history of delinquency or criminal activity, ..." is a factor which the "... court may consider ..." as a mitigating circumstance. This latter language cannot be considered as permitting a sentencing court to arbitrarily choose to give no consideration at all to factors identified in the statute as the sort which can have mitigating value in the sentencing process. Indeed to accord the statutory language that meaning would be to render appellate oversight of the sentencing process impossible contrary, to the spirit of Article 7, Section 4 of the Indiana Constitution and the judgment of this court upon which our Rules For The Appellate Review of Sentences is based.

In *Mullens v. State* (1983), Ind., 456 N.E.2d 411, we expressed the view that a sentencing court may be deemed on appeal to have satisfied the commands of the statute governing felony sentencing if it indicates on the record which of the mitigating factors it found germain in sentencing. Here, the sentencing court did not place an indication on the record that it regarded the fact that appellant had no history of criminal activity germain as a mitigating factor.

My vote in this case is to affirm the conviction, but to remand for the imposition of the standard sentence or for a new sentencing hearing.

DICKSON, J., concurs.