Clellan E. ASH, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S00–8610–CR–922.

Supreme Court of Indiana.

Aug. 17, 1987.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was convicted in July of 1978 of the crime of Rape, a Class B felony.

Sentencing was set for August 8, 1978; however, appellant failed to appear for the sentencing hearing. On August 2, 1979, the court ordered appellant's bonds forfeited and it was not until April 25, 1986, that appellant appeared in court for sentencing. The court ordered an update on the presentence investigation. Appellant was eventually sentenced on May 23, 1986, to a term of fourteen (14) years.

The facts are: During the afternoon of January 18, 1978, appellant and his friend John picked up the victim at her home in Fort Wayne. They picked up other acquaintances and an impromptu party developed at the home of one of the friends of the victim.

Eventually appellant, the victim and John left the party with others whom they dropped off at their homes. The victim then requested that she be taken back to the scene of the party in order that she could obtain her automobile and go to her home. Appellant refused to take her back to the party. At that point, the victim attempted to flee the car but was physically restrained by appellant.

Appellant then took the victim to the mobile home of his friend Gary. After arriving at the trailer, appellant and Gary left to get cigarettes and beer, leaving the victim with John. When appellant returned, he sat next to the victim on the sofa in the living room and began kissing her. When she did not respond as he desired, appellant began hitting the victim in the face. The victim grabbed her purse and attempted to flee, but appellant seized her and dragged her into the bedroom. He took off her clothes and raped her. He again struck her in the face and head when she did not cooperate to his satisfaction. Appellant forced the victim to commit fellatio, then performed anal sex on the victim. Appellant then left the trailer and Gary took the victim back to the scene of the party.

When the victim arrived at her home, she notified her parents of the attack. She was taken to the hospital where it was discovered she had suffered bruises to her face and

hand and a vaginal examination showed the presence of sperm.

 Appellant claims his conviction is based upon insufficient evidence. The uncorroborated testimony of the victim is sufficient to sustain a conviction. *Rhone v. State* (1986), Ind., 492 N.E.2d 1063. Appellant claims there is no evidence that the victim resisted and further that there was ample opportunity for her to leave the trailer prior to the alleged rape. There is ample evidence in this record from which the jury could determine that such was not the case and that the victim was intimidated and overpowered by appellant.

Appellant claims the State of Indiana failed to prove beyond a reasonable doubt that the victim was not the spouse of appellant. Appellant acknowledges the existence of *Rogers v. State* (1978), 267 Ind. 654, 373 N.E.2d 125. However, appellant attempts to distinguish *Rogers* from the situation in the case at bar. There this Court held it may be raised as a defense that the victim is the spouse of the defendant, but that it is not necessary to negative such fact in the indictment. Marriage between the parties involved is a matter which would certainly be known to a defendant. It would be a simple matter to invoke such a defense. In the case at bar, there was no such defense raised and there is no such claim made at this time in this case.

Further, the evidence in this case was replete with inferences from which the jury could deduct that the parties were not married. Their surnames were different. In fact, the victim did not know appellant's surname. She only knew him as "Porky." Appellant himself testified that they had only seen each other a few times and that they had never had sexual intercourse.

 We hold first that marriage is a matter of affirmative defense to a charge of rape and second that in this case there is ample evidence from which the jury could determine the parties were not married.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.