PER CURIAM.
Defendant-respondent was charged with two counts of aggravated oral sexual battery, in violation of La. R.S. 14:43.4, and found guilty on each count of oral sexual battery, in violation of La. R.S. 14:43.3, *499 over his objection to the trial court’s list of responsive verdicts. The charges stemmed from respondent’s sexual misconduct with two 10-year-old boys in the spring and summer of 1998. Respondent was 16 years old at the time but subject to prosecution as an adult under the provisions of La.Ch.C. art. 305(B)(2), which permits the state to file a bill of information in the district court for certain offenses committed by a juvenile over the age of 15 years and which, at the time of the instant offenses, including aggravated oral sexual battery as one of the enumerated crimes. La.Ch.C. art. 305(B)(2)(i)(since repealed by 2001 La. Acts 301).
On appeal, the First Circuit reversed respondent’s convictions and sentences, finding that oral sexual battery was not a lesser included offense of aggravated oral sexual battery because the former includes the requirement that lathe victim was not the spouse of the offender while the latter, before its repeal as a separate offense and assimilation into the crimes of aggravated and forcible rape by the legislature in 2001 La. Acts 301, did not. State v. Amos, 01-2024 (La.App. 1st Cir.3/28/02), 818 So.2d 318 (unpub’d)(Carter, C.J., dissenting). See La.C.Cr.P. art. 815 (“In all cases not provided for in Article 814, the following verdicts are responsive: (1) Guilty; (2) Guilty of a lesser and included grade of the offense ...; (3) Not Guilty.”); see also State ex rel Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982)(“Lesser and included grades of the charged offense are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged.... Thus, the evidence which would support a conviction of the charged offense would necessarily support a conviction of the lesser and included offense.”) (citation omitted).[1]
We granted the state’s application to reverse the First Circuit’s decision because the trial court’s instructions correctly gave the jury the option of returning oral sexual battery as a lesser included offense of aggravated oral sexual battery under the particular circumstances of the case.
The legislature added both crimes to the Criminal Code in the same act, 1985 La. Acts 287, as follows:
§ 43.3 Oral sexual battery
A. Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet 1 ¡¡attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
[[Image here]]
§ 43.4 Aggravated oral sexual battery
A. Aggravated oral sexual battery is an oral sexual battery committed where the intentional touching of the genitals or *500 anus of one person and the mouth or tongue of another is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following [five] circumstances:
* * * # * # *
4) When the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
The state argues here that, especially given their common origin in a single legislative act, aggravated oral sexual battery incorporated by reference the definition of oral sexual battery in La. R.S. 14:48.3, including its “spousal exception.” Oral sexual battery would therefore constitute a lesser and included grade of the offense of aggravated oral sexual battery under all circumstances. On the other hand, respondent argued, and the court of appeal agreed, that the elements of aggravated oral sexual battery were entirely self-contained within the definition of the offense, and that the crime therefore did not include a “spousal exception.” Given this premise, the court of appeal agreed with respondent that because there were instances in which an offender could commit the offense of aggravated oral sexual battery and yet not commit the crime of oral sexual battery against his or her spouse), the latter was not a lesser and included grade of the former offense. As authority for this conclusion, the court of appeal relied on |4its previous decision in State In the Interest of Rodrigues, 532 So.2d 481 (La.App. 1st Cir.1988), which held that sexual battery, as defined in La. R.S. 14:43.1, is not a lesser included offense and responsive verdict of aggravated sexual battery, as defined in La. R.S. 14:43.2, because the former also includes a requirement that the victim was not the spouse of the offender while the latter does not.
We need not resolve the question, now entirely academic in light of the repeal of La. R.S. 14:43.4 in 2001, of whether aggravated oral sexual battery included a “spousal exception.” For present purposes, we will assume, | ¡¡arguendo, that the crime did not provide the exception.[2] We *501 also will assume, arguendo, that, whether denominated as an essential element of the offense or as an essential factual predicate for determining criminal responsibility, a “spousal exception” written into the definition of a criminal offense is a matter for the state to negate as part of its burden of proof beyond reasonable doubt and not for the defendant to establish affirmatively as an exculpatory fact.[3] Nonetheless, the *502 | fiCourt properly eliminated that exception altogether from the present case by charging jurors at the close of the case as follows:
Oral sexual battery is the intentional engaging in any of the following acts with another person when the other person has not yet attained fifteen years of age and is at least three years younger than the offender....
Aggravated oral sexual battery is an oral sexual battery committed when the intentional touching of the genitals or anus of one person and the mouth or tongue of another is deemed to be without the lawful consent of the victim because it is committed when the victim is under the age of 12 years.
The court followed that instruction with a list of responsive verdicts for the jury, the first three of which were: guilty; guilty of attempted aggravated oral sexual battery; guilty of oral sexual battery.
The trial court had read the definition of oral sexual battery in its entirety during its opening remarks to the jurors, and it is not clear from the trial record when, and under what circumstances, the court determined to conform the definition of the crimes of aggravated oral sexual battery and oral sexual battery to the particular circumstances of the acts charged against respondent.[4] However, |7it is clear that the “spousal exception” had absolutely no application to the present circumstances involving sexual misconduct by a juvenile male with two male children. The acts *503 charged against respondent in the present case, and for which the jury convicted him, that he forced the mouths of the 10-year-old boys onto his exposed penis, have not been lawful in this state under any circumstances for over a century. See La. R.S. 14:89(A)(l)(“Crime against nature is ... [t]he unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal.... ”); State v. Baxley, 94-2982, p. 11, n. 18 (La.5/22/95), 656 So.2d 973, 980 (“Crime against nature has been punished as an offense in Louisiana since 1805.... The statute was amended in 1896 to specifically include crime against nature committed ‘with the mouth’.... ”).
Although the legislature wrote a “spousal exception” into the crime of oral sexual battery, thereby giving the statute a narrower application than the offense of crime against nature, the exception did not apply to the present case because there existed no set of circumstances, given the nature of the acts charged and the sex of both the offender and his victims, in which the state had to negate the spousal exception to establish the unlawfulness of respondent’s acts, or in which the defense could show that respondent fell within the exception as an|R exculpatory fact relieving him of criminal responsibility for those acts. See La.C.C. art. 86 (“Marriage is a legal relationship between a man and a woman that is created by civil contract.”); La.C.C. art. 89 (“Persons of the same sex may not contract marriage with each other.”). The trial court therefore properly eliminated the “spousal exception” from its general charge on the crime oral sexual battery because it was not the law applicable to either the charged crime or any of its responsive verdicts. La.C.Cr.P. arts. 803 (“When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty ... the court shall charge the jury as to the law applicable to each offense.”). The court also correctly charged jurors that oral sexual battery was a responsive verdict to the charged crime of aggravated oral sexual battery because a rational trier of fact could not find that the 16-year-old respondent had committed the charged acts by pushing the mouth of each 10-year-old boy onto his exposed penis, and yet not find that he had also committed the offense of oral sexual battery involving male children under the age of 15 years when three years or more separated the ages of victim and offender. Crimes which constitute responsive verdicts under one set of circumstances may not constitute proper responsive verdicts under another set of circumstances. See La.C.Cr.P. art. 814(C)(providing the trial court with the authority to exclude one or more statutory responsive verdicts “if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.”).
The First Circuit’s decision is therefore reversed, and this case is remanded to the court of appeal for consideration of the remaining assignments of error pretermit-ted on original appeal.

. We note that the Louisiana Judicial College shares the First Circuit’s view that La. R.S. 14:43.4 did not encompass a "spousal exception.” See 1 Louisiana Judges’ Criminal Bench Book, § 10.39, Cmt. ("In enacting the offense [of aggravated oral sexual battery], the Legislature did not provide a 'spousal exception.' The state may charge the crime even though the victim was the spouse of the defendant.”). However, the College’s list of responsive verdicts for the offense includes oral sexual battery. Id.

. The First Circuit's decision Rodrigues is not before us and we express no opinion as to the correctness of its holding. However, we note that Rodrigues addressed an entirely different situation involving two statutes passed years apart in which the legislative intent with regard to the "spousal exception” was far more readily determined. The legislature enacted La. R.S. 14:43.1 in 1978, La. Acts 239, defining the offense of sexual battery as "the intentional engaging in any of the following acts with another person, who is not the spouse of the offender...." The legislature then added the crime of aggravated sexual batteiy to the Criminal Code in 1983 La. Acts 78, defining the offense not in terms of a sexual battery committed under certain enumerated aggravating circumstances, but as "[t]he intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender intentionally inflicts serious bodily harm on the victim (emphasis added). As originally enacted, aggravated sexual battery thus included a "spousal exception.” However, in the following year, the legislature amended the statute "to delete the provision exempting the spouse of the victim from criminal responsibility for such acts....” 1984 La. Acts 568. The amendment clearly supports the First Circuit's finding in Rodrigues that aggravated sexual battery did not contain a "spousal exception” while sexual battery continues to provide the exception.
The 1984 amendment of the aggravated sexual battery statute supports a reasonable inference that a year later, when it enacted the crimes of aggravated oral sexual battery and oral sexual battery, the legislature sought a parallel construction with its sexual battery statutes: that the crime of aggravated oral sexual battery would not contain a "spousal exception” while the crime of oral sexual batteiy would provide the exception. However, the legislature modeled the provisions of the aggravated oral sexual batteiy statute af *501 ter the extant aggravated rape statute in La. R.S. 14:42, as to which the "spousal exception” applied, as it had for nearly two centuries, and would continue to apply until 1990. The legislative history of Senate Bill 392 which became 1985 La. Acts 287 provides no guidance on this question and the legislative intent with respect to providing a "spousal exception” for the crime of aggravated oral sexual battery is therefore not as readily determined as it is with respect to aggravated sexual battery. In a somewhat perverse result for respondent in the present case, application of the rule of lenity would favor reading a "spousal exception” into the aggravated oral sexual battery statute to give the crime its narrowest application. State v. Ritchie, 590 So.2d 1139, 1149, n. 6 (La.1991)(principle of lenity "directs that a court construe a criminal statute in favor of the most narrow application when there are serious doubts concerning a meaning of a term.”).

. For over two centuries, until the legislature amended the definition of rape in La. R.S. 14:41, this state had recognized the "spousal exception" in the most serious of sexual crimes, i.e., rape. See, e.g., State v. Haines, 51 La. Ann. 731, 25 So. 372 (1899)("[T]he husband of a woman cannot himself be guilty of an actual rape upon his wife, on account of the matrimonial consent which she has given, and which she cannot retract.”). The exception dates back to the common law under which the existence of a matrimonial relationship marked the dividing line between the lawful and unlawful carnal knowledge of a woman. See Rollin M. Perkins, Criminal Law, Ch. 2, § 5, p. 156 (1969)("An essential part of the common-law definition of rape is unlawful carnal knowledge’ and so forth, and this is an implied part of every definition of the crime even if not expressed .... the true reason why the husband, who has sexual intercourse with his wife against her will, is not guilty of rape is that such intercourse is not unlawful.”) (footnote omitted); see also State v. Huffman, 141 W.Va. 55, 87 S.E.2d 541, 555 (1955)("The essential elements of the common law crime of rape are unlawful carnal knowledge of a woman, not his wife, by a male with force and against her will; and each of these elements must be present in order to constitute that offense.”)(citing Burdick, The Law of Crime, Volume 2, Section 475).
This Court had never directly addressed the question of whether the "spousal exception" was an essential element of the offense of rape that the state had to prove by negative implication, before 1990 La. Acts 722 amended the definition of rape in La. R.S. 14:41 and eliminated the exception altogether, or whether it constituted an exception, excuse, or proviso which ordinarily "must be urged by way of defense.” La.C.Cr.P. art. 476. Other states have treated the exception as a matter for the defendant to establish. See, e.g., Rogers v. State, 267 Ind. 654, 373 N.E.2d 125, 127 (1978)("The defendant cites no Indiana cases and we find none in which it is stated that the prosecution is required to prove as an essential element of the offense of rape that the defendant is not the husband of the victim.... As to a defense, a defendant is generally required to put the defense in issue by some means himself, as, for example, by introducing evidence or by specially pleading.”) (citations omitted); State v. Bell, 90 N.M. 134, 560 P.2d 925, 933 (1977)("Even without this authority for the general proposition that it is not incumbent upon the prosecution in a criminal case to prove a negative status created by statutory exclusion, there is authority for the specific proposition that it is not incumbent upon the prosecution in a rape trial to allege or prove that the prosecutrix was not the wife of the accused.”). However, in State v. La Borde, 234 La. 28, 99 So.2d 11, 13 (1958), this Court indicated that the status of victim as an unmarried female for purposes of La. R.S. 14:80, defining the crime of carnal knowledge of a juvenile, "is not a negative fact; it is a positive one for which affirmative proof must be adduced.” Arguably, any fact which marks the dividing line between lawful and unlawful conduct, and whether it is denominated as an essential element of the offense or as an essential prerequisite for imposing criminal responsibility, must be submitted to the fact finder and proved (affirmatively or by exclusion) beyond *502 a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the maximum penalty for the crime must be charged in an indictment submitted to a jury, and proven beyond a reasonable doubt.").

. The record indicates that after a charge conference with the court and the state, defense counsel expressed only a single objection to the court’s proposed jury instructions. Counsel objected to the list of responsive verdicts on grounds that if respondent "were convicted of any ... of the lesser possible verdicts in the charges, that would have been handled in juvenile court.” The trial court overruled the objection on the basis of La. Ch.C. art. 305(D), which provides that "[t]he court exercising criminal jurisdiction shall retain jurisdiction over the child’s case, even though he pleads guilty to or is convicted of a lesser included offense. A plea to or conviction of a lesser included offense shall not revest jurisdiction in the court exercising juvenile jurisdiction over such a child.” The court thus found "that the responsive verdicts are appropriate to the charge, because it does give the jury an option under the law to come back with a lesser offense.”
Respondent first raised his present objection to the court's list of responsive verdicts in his post-verdict motions for a new trial and in arrest of judgment filed one month after the verdict. Ordinarily, "[a] party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error." La.C.Cr.P. art. 801(C). In addition, “[t]he nature of the objection and grounds therefor shall be stated at the time of objection.” Id. However, at no time in the present case has the state asserted that respondent's failure to pose a timely objection to the trial court's instructions on the grounds he now asserts precluded the complaint on appeal. Similarly, the trial court did not default the claim procedurally at the hearing conducted on the motion for a new trial and in arrest of judgment but considered it on the merits and rejected it. Under these circumstances, arguably, the state has waived any entitlement it had to a procedural default of respondent’s claim. See Trest v. Cain, 522 U.S. 87, 89, 118 S.Ct. 478, 480, 139 L.Ed.2d 444 (1997)("A court of appeals is not 'required' to raise the issue of procedural default sua sponte."); Rosario v. United States, 164 F.3d 729, 732 (2nd Cir.1998)("Having failed to raise the issue before [the district court judge] or in its briefs to this Court, the government ... has forfeited or waived the argument [that defendants procedurally defaulted their claim.]”).